## WELLSVILLE OIL CO. v. MILLER *et al.*

No. 7117.   Opinion Filed June 22, 1915.

(150 Pac. 186.)

1. **APPEAL AND ERROR—Remand—Proceedings in Lower Court —Order.** A judgment was rendered in the trial court, with the proviso, under stipulation entered into by the parties, which was made a part of the judgment rendered, that "the moneys arising from the sale of oil produced from the land in controversy are to be deposited in said court to await the result of the appeal to this court," and upon such appeal the judgment of the lower court was affirmed, and the mandate of this court in said case was spread upon the records of the trial court. **Held,** that said mandate not only conferred jurisdiction upon the court to distribute said moneys, but made it the duty of the court so to do, without any motion by the parties who, from the decision of this court, were entitled to said money; and the order distributing such moneys is not such an order as is appealable to this court.

2. **SAME—Subsequent Appeal—Interest of Appellant.** Where a judgment is affirmed by this court in accord with a stipulation, which is made a part of said judgment in the trial court, that moneys shall be deposited in said trial court to await the result of such appeal, and the opinion of this court on said appeal holds that the plaintiff has no interest in said moneys, such plaintiff cannot legally complain of an order of the trial court, disbursing said moneys, notwithstanding an irregularity may have occurred in the granting of such order.

3. **SAME—Subsequent Appeal—Matters Concluded.** Where the findings and conclusions of this court on appeal cover the entire case, made under the pleadings and evidence, no question open to dis-

Statement of the Case.

·pute, either expressly or by implication, decided on appeal, will be open for review upon a second appeal between the same parties in regard to the same subject-matter.

4.  **MANDAMUS—Subjects of Relief—Mandate of Appellate Court.** Upon a mandate being issued by this court, it becomes the duty of the court to which the same is directed to comply therewith, interpreting such mandate in the light of the opinion of this court, rendered in said case; and if the trial court misconstrues such opinion, this court may, by mandamus, cause such mistake to be corrected.

5.  **APPEAL AND ERROR—Subsequent Appeals—Dismissal.** Where it appears that a cause has been fully adjudged by this. court on its merits, a second appeal between the same parties upon the same subject-matter will be dismissed.

6.  **SAME—Power of Court.** This court has the inherent power to dismiss an appeal which is manifestly without merit, and this power is necessary, in order to prevent the court itself from being imposed upon.

7.  **SAME—Subsequent Appeal.** Upon a careful examination of the entire case, it is manifest that this second appeal is without merit and must be dismissed.

(Syllabus by Collier, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by the Wellsville Oil Company against Martha Miller and others. From an order directing the payment of money deposited in court to the defendants after judgment had been affirmed on plaintiff's appeal, the plaintiff brings error. Dismissed.

This is the second appeal between the same parties, involving the same subject-matter. The first appeal was from a judgment of the district court of Rogers county, sustaining a demurrer to the petition filed herein, upon the ground that the petition failed to state a cause of action. Plaintiff in error elected to stand upon said petition, and thereupon the court awarded judgment in favor of defendants in error. A stipulation was entered into

by and between the parties that the money arising from the sale of the oil produced from the land should be deposited in said court to await the result of the appeal to this court from said judgment rendered, which said stipulation was made a part of the judgment rendered. An appeal was perfected in said cause; the error assigned being that the court erred in sustaining said demurrer to the petition. The case was elaborately briefed, and twice orally argued to this court, and a most thorough and exhaustive opinion written by Judge Galbarith. *Wellsville Oil Co. v. Miller,* 44 Okla. 493, 145 Pac. 344. Said judgment of the lower court was affirmed, and plaintiff adjudged to have acquired no rights under the alleged lease set up in the petition, nor any interest in the lands described in said petition, nor any interest in the moneys arising from the sale of the oil produced from said lands. In due time a mandate was issued from this court, commanding said trial court to cause said mandate to be shown of record "in your court, and to take such other and further proceedings herein as shall accord with said order and right and justice in the case."

Defendants orally moved the court to order the clerk to pay to defendants the amount of money deposited in said court and the money in the hands of the Prairie Oil & Gas Company, in the aggregate amounting to $22,000, in accord with said stipulation. The Wellsville Oil Company appeared specially by its attorney to suggest:

"So far as this motion is concerned and the matters argued here, that this court has acquired no jurisdiction of the Wellsville Oil Company for the purpose of the motion; that in the first place, your honors entered a judgment against us; that judgment has been affirmed, and the mandate spread of record. That ends the case here."

Thereafter the following journal entry, omitting the caption, was made and entered, to which defendants duly excepted:

"Be it remembered, on this 8th day of January, A. D., 1915, the above-entitled cause came on for hearing in the above-entitled court on the regular assignment of the docket for final judgment and disposition under the order and mandate of the Supreme Court of the state of Oklahoma, and the mandate of the Supreme Court of Oklahoma having been heretofore spread of record in this court in the above-entitled cause. The plaintiff, Wellsville Oil Company, appeared by its attorneys, James A. Veasey and Jerry O'Meara, appearing specially to challenge the jurisdiction of the court, and the defendant Martha Miller appeared by her attorney, J. A. Tillotson, and the Alpha Oil Company appeared by its attorney, W. J. Gregg. Thereupon, upon the application of the defendant, Martha Miller, for an order of this court distributing the money and funds now in the hands and custody of this court arising from the production and sale of oil from the premises in controversy in plaintiff's petition, described, to wit, S. 1/2 of the S. E. 1/4 of section 17, township 24 north, range 17 east, containing 80 acres, more or less, the court finds that as a result of the former order and judgment of this court entered in said cause on the 5th day of December, 1911, by agreement and stipulation of all parties to this cause, plaintiff and defendants, there has come into the possession and under the control of this court the sum of $12,880, arising from the sale of oil produced from the premises hereinbefore described during the pendency of this litigation, and that there is the further sum of $8,445.38 in the hands of the Prairie Oil & Gas Company, the proceeds of the sale of oil arising from the above-described premises, which by the terms of said stipulation and judgment of the court, entered in pursuance thereof on the 5th day of December, 1911, is now subject to the order and disposition of this court. The court finds from the mandate and opinion of the Supreme Court

of the state of Oklahoma rendered in this cause and the allegations in plaintiff's petition herein that the defendant, Martha Miller, is the owner of the real estate hereinbefore described, to wit, S. ½ of the S. E. ¼ of section 17, township 24 north, range 17 east, containing 80 acres, more or less, and entitled to the possession thereof, subject to the right of the Alpha Oil Company under its oil and gas mining lease from the said Martha Miller, of date, 29th day of February, 1908, and running for a period of 15 years; that all of the moneys now in the hands of the clerk of this court and the sum of $8,445.38 in the hands of the Prairie Oil & Gas Company are moneys arising from the sale of oil produced from said premises, and that the plaintiff has no right, title, or interest in any part of said moneys arising from the sale of oil and gas from said premises.

"In accordance with the stipulation and agreement made in open court between Martha Miller and the Alpha Oil Company as to the devision of said moneys now in the hands of the clerk of this court and the Prairie Oil & Gas Company between the said respective parties defendants, it is ordered by the court that the clerk of this court pay to Martha Miller out of the funds now in his hands the sum of $10,456, and that the balance of the money in the hands of the clerk, together with all sums of money in the hands of the Prairie Oil & Gas Company be paid and delivered to the Alpha Oil Company. And it is hereby ordered by the court that the Prairie Oil & Gas Company pay over to the Alpha Oil Company all moneys now in its hands arising from the proceeds of oil or gas purchased by it from the lands hereinbefore described, in lieu of paying same into this court; and upon such payment the Prairie Oil & Gas Company be relieved from all further liability to either Martha Miller or the plaintiff herein.

"The court further finds that the money now in the hands of the clerk of this court is money put therein by agreement of parties and order of court, and is subject at all times to the control of the court, and is not money coming into the hands of the clerk under such conditions

as would authorize him to collect a fee of one per cent. as costs for the benefit of the county, and the clerk of this court is hereby ordered to pay out said money under the order of this court without deducting any commission for collecting the same.

"It is further ordered and adjudged by the court that the defendants, Martha Miller and Alpha Oil Company, have judgment against the plaintiff for their costs in this cause, taxed at $20.55.

"To each, all and every of the above and foregoing findings of the court the plaintiff, Wellsville Oil Company, duly excepted and still excepts. And thereupon in open court the plaintiff, the Wellsville Oil Company, makes application to the court for leave to file a separate supersedeas bond to supersede the judgment and order of the court directing the distribution and payment of the money in the hands of the clerk and the Prairie Oil & Gas Company herein, which application for the right to file the supersedeas bond was by the court denied. To which ruling and order of the court the plaintiff excepted and still excepts.

"And thereupon in open court the plaintiff moved the court to stay execution of its order and judgment in this cause for a term and period of three days, to enable the plaintiff to apply to the Supreme Court of the state of Oklahoma for supersedeas bond herein, which application of the plaintiff for a stay of judgment for a term of three days is hereby by the court denied. To which order and ruling of the court the plaintiff excepted and excepts."

Plaintiff in error assigns the following errors:

"That on the 8th day of January, 1915, the district court of Rogers county, Okla., made and entered a judgment, which is found on pages 117, 118, 119 and 120 of the case-made, which is made part hereof, marked Exhibit 'A.' It complains that the court erred in making an order that the clerk of said court should pay over to the defendants the sum of $12,880, which sum was in the hands of the clerk of said court under a former judgment

and stipulation, to be held until the ownership thereof was determined, and says that the court ordered said money paid by the clerk to the defendants before the ownership of said fund had been determined by any trial, or had been put in issue by any pleadings. It further complains that an order was made that $8,445.38 in the hands of the Prairie Oil & Gas Company be paid over to the defendants, when the ownership of said fund was not in issue by any pleading and no trial or determination of the ownership had been had. It further complains that the court adjudged the defendants entitled to possession of certain lands, subject to an oil and gas mining lease made by Martha Miller to the Alpha Oil Company, when the right of possession had not been tried or put in issue, when the ownership of the lease to the Alpha Oil Company, or its validity, had not been tried or put in issue in behalf of the defendants, and when the right of possession had not been tried by a jury and a jury had not been waived.

"The court further erred in refusing to permit the plaintiff to supersede said judgment and stay the execution thereof, when the plaintiff offered, in open court, to execute a bond of more than double the amount of the matter in controversy, and offered to execute a bond in the sum of $50,000.

"The court further erred in refusing the plaintiff in error's request to grant it time to apply to the Supreme Court for a stay of the execution of the judgment and for a supersedeas bond.

"The court further erred in rendering said entire judgment, because the court had no jurisdiction over the plaintiff in error for said purpose, and no jurisdiction to render its said judgment which was rendered.

"Wherefore the plaintiff in error prays that the judgment so rendered be reversed, set aside, and held for naught, and that all rights which it has lost by the rendition of said judgment may be restored, and for such other relief as to the court may seem just."

Thereafter the defendants in error filed the following motion to dismiss this appeal:

"Comes now the defendants in error, Martha Miller and the Alpha Oil Company, and move the court to dismiss plaintiff in error's appeal herein and the petition in error filed in this cause for the following reasons, to wit:

"(1) That the petition in error and the record of the proceedings in the court below as shown by the case-made attached thereto and filed herein show that the district court of Rogers county, Okla., had jurisdiction of the parties to the proceedings complained of and the subject-matter, in relation to which the orders complained of and each of them were made.

"(2) That the petition in error filed herein and the case-made attached thereto show that the proceedings had in the lower court of which complaint is made in the petition in error herein were taken in the district court of Rogers county, Okla., upon a mandate from this court issued in said cause, remanding the same to the district court of Rogers county, Okla., for further proceedings in conformity. with the mandate and the opinion of this court, handed down in said cause.

"(3) Because the case-made filed with the petition in error herein shows that in the proceedings had and taken in the lower court the plaintiff in error herein entered a special appearance, simply for the purpose of objecting to the jurisdiction of the lower court to take any action in said cause or to make any order therein concerning the disposition of the moneys in the hands of the clerk of the district court of Rogers county, Okla., and under the control of said court in said cause. That in the proceedings had in the lower court the plaintiff in error did not ask for any relief at the hands of the lower court, and did not make any application to the court for any relief therein, or for any part of the moneys in the hands of the court, and did not file, or offer to file, any proceedings in said court concerning said moneys; and were not denied any relief asked for in the lower court.

"(4) Because it is apparent from the petition in error and the case-made attached thereto herein that the lower court had jurisdiction of the parties to said action and of the subject-matter therein, and that every proposition presented by the petition in error has been heretofore settled by this court in the opinion filed in the case of *Wellsville Oil Co., Plaintiff in Error, v. Martha Miller, nee Everett, and the Alpha Oil Company, Defendants in Error,* being cause No. 3785, in this court [44 Okla. 493], which opinion of the court was filed with the clerk of this court on the 22d day of December, 1914.

"(5) Because it is apparent from the petition in error and the case-made thereto attached that these proceedings are dilatory in their character, and tend to delay the defendants in error in the realization and enforcement of their rights under the former decisions of this court, are vexatious and against the rights of these defendants in error, and should not be entertained by this court.

"Wherefore, for the reasons hereinbefore assigned, the defendants in error pray for the dismissal of the petition in error and all further proceedings in this appeal."

*Sherman, Veasey & O'Meara,* for plaintiff in error.

*Tillotson & Elliott,* for defendant in error Miller.

*Wm. J. Gregg,* for defendant in error Alpha Oil Co.

Opinion by COLLIER, C. (after stating the facts as above). The only question now before the court is upon said motion to dismiss this appeal. Plaintiff is in possession of the land involved in this controversy, and the judgment complained of by this appeal does not award any judgment or process by which said possession can be affected, and hence the statement in said journal entry "that Martha Miller is the owner of the real estate and entitled to possession, subject to the rights of the Alpha Oil Company," is not germane to any action which the court should have taken in carrying into effect the man-

date of this court; and such error is harmless, in fact, mere surplusage, and in no wise affects the plaintiff. This court, having affirmed the judgment of the lower court that plaintiff had no interest in the money in the hands of the Prairie Oil & Gas Company, plaintiff is not in a position to complain of that part of said judgment which ordered the Prairie Oil & Gas Company to pay the proceeds arising from the sale of oil produced from said land, and the court did not err by refusing to permit the plaintiff to file a supersedeas bond to supersede the judgment and order of the court, directing the distribution of the moneys in the custody of the court and denying a stay of the execution of said order; and in denying plaintiff time in which to apply to this court for a stay of execution of said judgment, and such action of the court is not appealable, for review by this court. As the Prairie Oil & Gas Company was not a party to the action, the said order as to said company is a nullity, except as between the parties to this action under said stipulation, which was made a part of the judgment affirmed in the former appeal in this case. We therefore conclude that the only question for consideration by this court, in considering said motion to dismiss this appeal, is: Did the lower court err to the prejudice of plaintiff in ordering, under the mandate issued by this court, the payment of the money held by the trial court under the stipulation of the parties as to the disposition of said money, which said stipulation was made a part of the judgment affirmed in the first appeal in this case, and is the plaintiff entitled to a review of such action of the trial court? Our review will therefore be confined to answering said questions.

The demurrer admitted every fact well pleaded in the petition, and, said demurrer being sustained, plaintiff

elected to stand upon his petition, and, judgment having been rendered from which the plaintiff appealed to this court, and this court having affirmed the judgment of the trial court, such judgment is final upon the facts pleaded, and such facts cannot again be litigated between the same parties. *Pettis et ux v. McClain et al.,* 21 Okla. 521, 98 Pac. 927; *City of El Reno et al. v. Cleveland-Trinidad Pav. Co.,* 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; *St. L. & S. F. R. Co. v. Hardy,* 45 Okla. 423, 146 Pac. 38. It follows that every question involving the merits of this case that could be litigated herein has been finally held adversely to the plaintiff by this court and is now *res adjudicata,* and cannot again be reviewed on this second appeal.

It was the duty of the court, without motion or other act of defendants, to have proceeded to make such order as would fully comply with the said mandate of this court, "to take such other and further proceedings herein as shall accord with said order and right and justice in the premises." Said mandate not only vested the trial court with jurisdiction to make the order, disbursing the funds held in said court by virtue of said stipulation, which was made a part of the original judgment in the trial court and the judgment affirmed by this court, but it was the duty of said court to make said order, especially in view of the fact that the case had been fully adjudicated and finally disposed of in this court, which said order is not an order from which an appeal lies to this court. The order made was the only legal order that the court could have made, and had the trial court not done so, this court would have, upon proper application, compelled him to do so.

In the recent case of *St. Louis & S. F. R. Co.·v. Hardy*, 44 Okla. 423, 146 Pac. 38, this court held:.

"1.   Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion.   *   *   *

"2.   All questions open to dispute, and either expressly or by necessary implication decided on appeal to this court, will not be open for review on the second appeal, but such decision becomes the settled law of the case as ·to all such questions, and is not subject to re-examination.

"3.   In the absence of exceptional facts it is the duty of parties to 'put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court.'

"4.   It is the province of this court to construe its own mandate in connection with its opinion; and, if it finds that the trial court has misconstrued the same, the mistake may be corrected by writ of mandamus from this court."

The duty devolving upon the court under the mandate to make the order disbursing the money, which was in its custody by virtue of the judgment rendered in the trial court and affirmed by this court, and said stipulation being made a part of said judgment, it is entirely immaterial whether the defendant made an oral or written motion, or any motion at all, moving the court to disburse said money.   It having been finally adjudged that plaintiff had no interest in the money ordered to be disbursed, it cannot be heard to complain of the order of the trial

court, in the subject-matter of which the plaintiff had no interest.

It may be, as said by Judge Galbraith in *Wellsville Oil Co. v. Miller, supra:*

"That the plaintiff in error could not be dispossessed without being compensated in the manner and as it claimed it should be, but that cannot be done in this suit."

But this question, and the question of possession, cannot be litigated by this appeal.

We, upon the reasoning stated, are of the opinion that every question that can be reviewed upon the merits of this case was reviewed and adjudged adversely to the plaintiff in the former appeal in this case; that the hearing of this appeal upon the merits would be to grant a rehearing beyond the time and without the grounds fixed by the rules of this court, and thus, without the slightest ground therefor, overruling the order of this court heretofore made, refusing to grant a rehearing. In short, this second appeal is wholly dilatory and entirely without merit. Plaintiff has had his day in court, in which it was awarded unusual consideration—two oral arguments—and should abide the judgment rendered without complaint, especially in view of the fact that the case was tried alone upon the uncontradicted evidence of plaintiff.

In *Kirkland et al. v. Trezevant et al.*, 38 Okla. 445, 134 Pac. 1198, this court, quoting with approval from *Johnson v. St. Paul, etc., Co.*, 68 Minn. 408, 71 N. W. 619, said:

"* * * We are of the opinion that an appellate court has the inherent power to dismiss an appeal, which is manifestly * * * without merit. This power is necessary in order to prevent the court itself from being imposed upon, and the administration of justice being

trifled with and perverted for mere purpose of delay." See, also, *Skirvin v. Bass Furniture & Carpet Co.*, 43 Okla. 440, 143 Pac. 190; *Skirvin v. Goldstein et al.*, 40 Okla. 315, 137 Pac. 1176.

This case has been exhaustively briefed by the learned lawyers of the several parties; each of the many briefs showing great industry and learning on their part, and each of said briefs has been carefully read and considered by us.

The motion of the defendants in error should be granted, and this appeal dismissed.

By the Court: It is so ordered.