**In re ESTATE OF GRAY.**
**JAMES v. CARSON, Adm'r.**

No. 19322. Opinion Filed June 12, 1928.

(Syllabus.)

1. **Appeal and Error—Right of Appeal—Parties—"Interest in Subject-Matter."**

The interest in the subject-matter of a litigation which will authorize an appeal from the order or decree therein must be a direct and pecuniary interest in the subject-matter of the particular case.

2. **Appeal and Error—Dismissal of Frivolous Appeals.**

Where it is apparent from the record that the appeal is frivolous, and for delay only, the appeal will be dismissed.

Error from District Court, Osage County; J. R. Charlton, Assigned Judge.

In the matter of the estate of Lawrence Gray, deceased; H. G. Carson, administrator. From order of county court for distribution of estate, Josephine Gray James appealed to district court, where her appeal was dismissed, and she brings error. Dismissed.

J C. Cornett, for plaintiff in error.

H. P. White, for defendant in error.

PER CURIAM. This court in the case of In re Estate of Gray, James v. Carson, 119 Okla. 219, 250 Pac. 422, in an opinion filed May 18, 1926, determined that the county court of Osage county had jurisdiction in the matter of the settlement of the estate of Lawrence Gray, and that Josephine Gray James had no interest in said estate. Mandate was issued from this court to the trial court and by it remitted to the county court of Osage county, in which the proceedings originated and are still pending.

Thereafter, on the 6th day of January, 1927, Josephine Gray James filed in the county court her objections to the jurisdiction of the county court to enter a decree of distribution, and later moved to vacate the order spreading of record the proceedings remitted from the district court to the county court on account of the manner and form of such remitter. The county court made an order directing the distribution of said estate, from which order Josephine Gray James appealed to the district court of Osage county, where her appeal was dismissed for the reason she had no interest in said estate. From this order and judgment, she appeals to this court.

In the case of Wellsville Oil Co. v. Miller, 48 Okla. 386, 150 Pac. 186, in the second paragraph of the syllabus thereof, the court laid down the following rule:

"Where a judgment is affirmed by this court in accord with a stipulation, which is made a part of said judgment in the trial court, that moneys shall be deposited in said trial court to await the result of such appeal, and the opinion of this court on said appeal holds that the plaintiff has no interest in said moneys, such plaintiff cannot legally complain of an order of the trial court, disbursing said moneys, notwithstanding an irregularity may have occurred in the granting of such order."

And in the case of In re Stewart Bros., 53 Okla. 153, 155 Pac. 1124, in the first

syllabus thereof, the court laid down the rule that:

"The interest in the subject-matter of litigation which will authorize an appeal from an order or decree therein must be a direct and pecuniary interest in the subject-matter of the particular case."

It appears from an examination of the record, that the only purpose of the motions filed in the county court by the plaintiff in error after the mandate of this court had been returned is to delay the settlement of this estate until after hearing of a proceeding now pending on appeal in the district court of El Paso county, Colo., to determine the jurisdiction of that court over the settlement of this estate. The question of jurisdiction has already been determined by this court in the former appeal, and in the case of Armstrong v. White, 122 Okla. 78, 251 Pac. 46, this court laid down the rule that:

"Where on former appeal this court had before it all the issues in controversy and entered its judgment upon the same and issued its mandate to the district court with directions to the district court to enforce such mandate, the district court was then without authority to grant a new trial contrary to the directions stated in the mandate."

And in the case of Randol v. Harbour-Longmire Co., 127 Okla. 7, 259 Pac. 548, this court laid down the rule that:

"Where, upon an examination of the record, the petition in error, and motion to dismiss, it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed."

And in the case of Tippit v. Fox, 95 Okla. 205, 218 Pac. 1056, this court held that:

"Where it is apparent from the record that the appeal is frivolous, and for delay only, the appeal will be dismissed."

The plaintiff in error in this appeal has no interest in the subject-matter of the action, and it is apparent from the record that the questions raised in this case have been determined upon a former appeal, and that this appeal is frivolous and taken for the purpose of delay, and upon motion of the defendant in error the appeal is hereby dismissed.

Note.—See under (1) 3 C. J. p. 625, §481, (2) 4 C. J. p. 574, §2382; 2 R. C. L. p. 52; 1 R. C. L. Supp. p. 375: 4 R. C. L. Supp. p. 76.