[No. 2658.   Decided December 28, 1897.]

C. F. Hazard, *Respondent,* v. Martin McAndrews, *Appellant.*

CHANGE IN JUDGES — AUTHORITY OF SUCCESSOR TO SIGN JUDGMENT RENDERED BY PREDECESSOR.

Where an order made by a judge on the trial of a cause disposes of all the issues, his successor has jurisdiction to sign the necessary judgment to be entered therein, as such act is a purely formal matter not involving the exercise of any discretion and does not fall under the prohibition of Laws 1893, p. 63 (Bal. Code, § 4697), which forbids a judge to act in a case " when he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision."

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge.  Reversed.

*William Martin,* for appellant.

*George McKay,* and *Byers & Byers,* for respondent.

Per Curiam.—Upon the trial below the following order was made and entered:

" This cause called regularly for trial, both parties appearing by their respective counsel, the following jurors are duly impanelled and sworn to try the issues joined herein, to-wit: F. A. Iverson, R. S. Robinson, R. R. Starr, E. Jones, George Hooker, G. Edenholm, J. Sanderson, A. A. Osborn, John Hink, B. F. Leed, D. K. Sickles, J. F. Terrice.

" Trial proceeds by the examination of witnesses sworn and documentary evidence introduced on behalf of the plaintiff.   Defendant's motion for non-suit is overruled. Exceptions allowed.   Witnesses are sworn and documentary evidence introduced on behalf of the defendant. Whereupon defendant's challenge to the sufficiency of the evidence is granted.   Exception allowed.   Whereupon the

jury is discharged from further consideration of this cause.
" Dated Wednesday, March 4th, 1896.

                              " R. OSBORN, Judge."

No formal judgment was entered thereon, and on the
19th day of January, 1897, Judge OSBORN having been suc-
ceeded by Judge BENSON, the respondent moved the latter
for an order directing the entry of such judgment, which
was granted and judgment signed by Judge BENSON, and
formally entered on February 6, 1897.

Thereafter respondent moved the court to set aside the
judgment and for a new trial for the reason that Judge
BENSON was without jurisdiction to render or sign the same.
This latter motion coming on to be heard on the 6th day
of March, 1897, was granted. The appeal is from that
order.

It is conceded that the order setting aside the judgment
was granted for the sole reason that Judge BENSON con-
sidered he was without jurisdiction to sign or enter the
judgment referred to.

The order made by Judge OSBORN on the trial of the
cause disposed of all of the issues as effectually as a verdict
of a jury, and the judgment thereafter signed by his suc-
cessor, Judge BENSON, was a purely formal judgment, not
involving the exercise of any discretion.

Subdivision 2, sec. 1, ch. 39, Laws 1895, p. 63 (Bal.
Code, § 4697), cited and relied upon by respondent's coun-
sel is not applicable to the case here. That provision has no
application to a case where but one decision or judgment
can be made.

The order setting aside and vacating the judgment must
be reversed.