## STATE ex rel. WOLFE v. CRUMP, Dist. Judge.

No. 20270.   Opinion Filed March 18, 1930.

Withdrawn, Corrected, Refiled and Rehearing Denied April 29, 1930.

C. Dale Wolfe and W. M. Haulsee, for petitioner.

H. W. Carver, for respondent.

ANDREWS, J.   This is an original proceeding in this court in which C. Dale Wolfe seeks a writ of mandamus against Geo. C. Crump, District Judge of the Ninth judicial district of Oklahoma, requiring him to enter judgment, in the district court of Seminole county, for petitioner, in accordance with the decision of this court in cause No. 18132, entitled C. Dale Wolfe, Plaintiff in Error, v. Paul C. Brooke et al., Defendants in Error, 133 Okla. 128, 271 Pac. 669.

In support of the prayer, it is alleged that Paul C. Brooke and others filed a petition in the district court of Seminole county against C. Dale Wolfe to cancel a resale tax deed held by him, a copy of the deed being attached to that petition, and to quiet the title to the land in the plaintiffs; that defendant therein demurred to the petition and a demurrer was sustained; that, by permission of the court, plaintiffs amended their petition; that a general demurrer was filed to the amended petition in which the statute of limitations was specifically asserted; that the demurrer to the amended petition was overruled, the defendant elected to stand on his demurrer and judgment was rendered against him canceling the resale tax deed; that an appeal was taken to this court, and this court, in the cause above referred to, held that the resale tax deed was valid upon its face and vested in the holder thereof an absolute and perfect title in fee simple to said land, and that the statute of limitations had fully run against attacking the deed prior to the commencement of the action; that this court reversed and remanded the cause with directions to enter judgment not inconsistent with that decision; that upon receipt of the mandate plaintiffs in the cause filed a motion for leave to file another amended petition; that thereafter the defendant filed a motion to enter judgment for defendant in accordance with the decision of this court; that that motion was overruled and the respondent herein refused to decree that the resale tax deed was valid on its face and vested in the grantee an absolute and perfect title in fee simple to said land, refused to adjudge that the action was barred by the statute of limitations, and refused to dismiss the action, and granted the plaintiffs therein permission to file another amended petition.

Upon the appeal, this court held that the resale tax deed pleaded by the plaintiff was not void on its face, that the action to cancel the same, having been filed more than twelve months after the deed was filed for record, was barred by the statute of limitations, and that the demurrer to the amended petition should have been sustained. The order of this court was:

"The judgment of the trial court is therefore reversed and the cause remanded, with directions to sustain defendant's demurrer to the amended petition, and for further proceedings not inconsistent with the views herein expressed."

It appears that upon remand the trial court made the following order:

"And that the mandate filed in this cause from the Supreme Court be and the same is hereby spread of record, and the demurrer of the defendant to the amended petition of the plaintiffs is hereby sustained; and plaintiffs are hereby given permission to file an amended petition within ten days from this date, to which the defendant excepts."

The respondent states that he has fully complied with the judgment of this court and with its mandate. This court in State

v. Huston, 28 Okla. 718, 116 Pac. 161, said:

"It is well settled that the trial court may decide any matters left open, and its decision thereon is subject to be reviewed by a new proceeding in error."

That has always been the rule in this state.

Upon receipt of the mandate of this court, it was the duty of the trial court to vacate, set aside, and hold for naught the judgment rendered by the trial court canceling the resale tax deed; to vacate, set aside, and hold for naught the order overruling the demurrer to the amended petition, and to enter an order sustaining the demurrer to the amended petition. We think that the order of the trial court as made is sufficient in substance to conform to the mandate of this court. Upon the making of that order the cause stood in the trial court upon an amended petition to which a demurrer had been sustained on two grounds; first, that the resale tax deed sought to be canceled was valid on its face, and, second, that the action to cancel the resale tax deed was barred by the statute of limitations.

The question is, What further proceedings therein could lawfully be taken? This court had directed the trial court to take further proceedings, not inconsistent with the views expressed by this court.

The trial court granted the plaintiffs permission to file an amended petition. That order was authorized by section 320, C. O. S. 1921, which reads as follows:

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court, in its discretion, shall direct."

The plaintiffs could have filed an amended petition pursuant to that order, and if that amended petition did not remedy the defects in the amended petition to which the demurrer was sustained, it would have been the duty of the trial court to sustain a demurrer thereto.

The prayer of the petition herein was that this court direct the respondent to enter judgment decreeing four things. The first of those was:

"(1) That said resale deed 'is valid on its face' and statutory and under the terms of section 6, chap. 158, 1923 Oklahoma Session Laws, vested in relator, as the grantee in said deed, 'an absolute and perfect title in fee simple to said land'."

That much of the prayer is denied for the reason that this court did not direct

the trial court to enter such a judgment, and such a judgment would be improper under the state of the record. The order sustaining the demurrer speaks for itself, and, in the absence of an amendment to the petition, the trial court should have dismissed the action. The trial court was without authority to render a judgment for the defendant upon a demurrer, other than a judgment sustaining the demurrer.

The second was:

"(2) That the statute of limitations had fully run prior to the commencement of said action, against any action seeking to attack said deed."

What we have said herein as to the first is applicable hereto, and controlling.

The third was:

"(3) That the action of the said plaintiffs in said cause be dismissed, and the judgment appealed from reversed and set aside."

That has been fully complied with.

The fourth was:

"(4) That the order allowing said plaintiffs to file an amended petition in said cause be vacated and set aside, and the motion to file such amended petition stricken."

We have herein determined that question.

The petitioner contends that section 320, supra, does not apply where the demurrer to the petition is sustained by order of the Supreme Court on an appeal from an order overruling the demurrer but that contention is contrary to the holding of this court.

"Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to 'take such other and further proceedings in the matter as shall accord with said Supreme Court opinion', it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below in justice to the parties should permit such amendments upon such terms as to costs as it thought just, and it was reversible error to refuse to do so." Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105.

See, also, Turk v. Page, 68 Okla. 275, 174

Pac. 1081; Harper v. Aetna Building & Loan Ass'n, 88 Okla. 128, 211 Pac. 1031, and Hodges v. Alexander, 94 Okla. 122, 220 Pac. 927. The authorities cited by the petitioner go to the effect of a final judgment and do not apply to an intermediate judgment sustaining a demurrer to a petition.

Instead of filing an amended petition the plaintiffs dismissed the action. When that was done, the judgment of the trial court sustaining the demurrer to the amended petition became final and it has the effect of a final judgment as much as though the trial court had dismissed the action.

The order of the trial court was in substantial compliance with the mandate of this court, and the petitioner is not entitled to the relief sought.

The petition for the writ of mandamus is denied.

MASON, C. J., and HUNT, HEFNER. CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and RILEY, J., absent. CLARK, J., not participating.

Note.—See "Appeal and Error," 4 C. J. §3276, p. 1226, n. 33. "Mandamus," 38 C. J. §155, p. 642, n. 87.