Argued January 7; affirmed January 26, 1932

CASE *v.* FOX ET AL.

(7 P. (2d) 267)

*Harlow L. Weinrick,* of Eugene (D. D. Hail, of Portland, on the brief), for appellants.

*Clark Kendall* and *A. K. McMahan,* both of Albany (Frank B. Mitchell, of Portland, on the brief), for respondent.

ROSSMAN, J. The notice of appeal states that this is an appeal "from that certain judgment entered in this action." Appellants' brief states: "The appeal is from an order settling the Findings, over appellants' objection, by a judge other than the trial judge, also from an order disallowing appellants' Bill of Exceptions, the same not having been settled before the death of the trial judge and were presented to and disallowed by the judge who gave judgment after the death of the trial judge." We shall regard the appeal as though the latter question was included within it.

The action, which was begun by a complaint alleging that the defendants had failed to pay the plaintiff the reasonable value of services performed by the plaintiff, at the defendants' request, for the parents of the latter, was tried October 6, 1930, by the late John H. Stevenson, Judge of Department No. 4 of the Circuit Court of Multnomah county, without a jury. November 17, 1930, Judge Stevenson signed findings of fact and conclusions of law in favor of the plaintiff. These findings determined every issue made in the pleadings and were followed with conclusions of law which declared the "plaintiff is entitled to a judgment against the defendants and each of them for the sum of Fifteen Hundred Thirty-four and 59/100 Dollars, together with interest thereon at the rate of six per cent per annum from November 1, 1928, and for the further sum of $300.00, attorney's fee, together with Plaintiff's costs and disbursement incurred herein."

November 26, 1930, Judge Stevenson departed this life. November 29, 1930, the aforementioned findings of fact and conclusions of law were filed by the clerk of the circuit court. November 28, 1930, the defendants presented to the circuit court a document entitled

"Objections to Proposed Findings of Fact and Conclusions of Law" which objected to the findings "for the reason that the said findings of fact and conclusions of law do not conform to the evidence; * * * there is no evidence introduced in this case supporting the said findings of fact and conclusions of law; * * * the said findings of fact and conclusions of law are not supported by any evidence introduced in the trial of this case; * * * the said findings of fact and conclusions of law were not signed by the court or filed within 20 days of the time of hearing the said evidence; * * * if the said findings of fact and conclusions of law were ever signed by the Honorable John H. Stevenson, that the said judge was physically and mentally in such a weakened condition because of his illness that he could not properly consider the said submitted findings of fact and conclusions of law for the reason that the late John H. Stevenson was confined in the hospital and in an extremely weakened condition and very ill when the said findings of fact and conclusions of law were purported to have been signed; * * * that the trial judge in the above entitled action has departed this life, and that it is impossible to present to him objections to the proposed findings or any part thereof, and is impossible to present to him different, other, and additional findings; and * * * the said findings of fact and conclusions of law are not in accordance with the tentative verbal decision made by the Honorable John H. Stevenson and conveyed to the defendants by word of mouth."

January 24, 1930, the Honorable Louis P. Hewitt, Judge of Department No. 5 of the Circuit Court of Multnomah county, signed the judgment in this cause which is preceded by a recital that "the court having heard the arguments of counsel for the respective par-

ties and having examined defendants' said objections to said findings of fact and conclusions of law and all of the records and files herein, and after a consideration of the evidence adduced at the trial of the cause, finds the objections of said defendants to the findings of fact and conclusions of law made by John H. Stevenson, judge of the above entitled court and the judge before whom said cause was tried, are not well taken. It is, therefore, hereby ordered by the court that the objections of said defendants and each of them to the aforesaid findings of fact and conclusions of law are hereby overruled * * * it now appearing to the court that the findings of fact and conclusions of law heretofore mentioned are true and correct.''

It thus appears that the only objections which the defendants have voiced to the findings of fact prepared by Judge Stevenson were five in number: (1) they do ''not conform to the evidence * * *; there is no evidence introduced in this case supporting the said findings * * *; the said findings of fact and conclusions of law are not supported by any evidence''; (2) the findings were neither signed nor filed within 20 days of the trial; (3) Judge Stevenson ''was physically and mentally in such a weakened condition because of his illness that he could not properly consider the said submitted findings''; (4) the trial judge had died, and it was impossible to present to him objections to the proposed findings; and (5) ''the said findings * * * are not in accordance with the tentative verbal decision made by the Honorable John H. Stevenson and conveyed to the defendants by word of mouth.''

The only portion of the above objections which is argued in appellants' brief is that part which declares that the findings of fact are not supported

by any evidence. In fact, the brief argues no portion of this objection, cites no authority, but contents itself with the declaration "no evidence was produced at the trial sufficient to warrant overruling our objections, notwithstanding this the court overruled them and settled the findings over the protest and objections of the appellant."

The transcript of evidence is not a part of the record and, hence, we know nothing concerning the facts. While we can readily perceive that a successor to a trial judge who was removed by death before he had announced any findings of fact, or had in any other manner pronounced judgment upon the cause, could not render findings of fact (*Bahnsen v. Gilbert*, 55 Minn. 334 (56 N. W. 1117); *Labonte v. Lacasse*, 78 N. H. 489 (102 Atl. 540); *Putnam v. Crombie*, 34 Barb. (N. Y.) 232; *Belmont v. Ponvert*, 3 Robt. (N. Y. Super.) 693; *Woolf v. Woolf*, 126 Misc. 868 (215 N. Y. 89) yet the defendant's objections to the findings which bear the signature of Judge Stevenson do not require decision upon any issue wherein the opportunity of seeing the witnesses and hearing them testify would be of any avail. The defendants' objections confined themselves to a contention that the findings of fact are not supported by any evidence. Judge Hewitt was as capable of determining the merits of this objection as Judge Stevenson. A determination of the issue thus presented did not require the weighing of testimony but only an inspection of the transcript of evidence. The issue would be settled when the searcher had failed to find any supporting evidence or had detected its presence. The death of Judge Stevenson did not interrupt the continuous existence of the circuit court. It removed from the bench a beloved and valuable judge,

but the office continued. His associates and successor were available to discharge the judicial duties of that court. They could complete any of his incomplete acts which did not involve the comparison and weighing of testimony. We are of the opinion that no right of the defendants was violated when Judge Hewitt overruled the defendants' objections to the findings of fact.

No other portion of this assignment of error is argued in the appellants' brief. We know of nothing which would justify a belief that Judge Stevenson was so weakened by disease at the time of the trial of this cause as to be incapable of arriving at a just conclusion.

The findings of a judge settle the issues of fact as conclusively as the verdict of a jury (section 2-503, Oregon Code 1930, and *Burke Machinery Co. v. Copenhagen, ante* p. 314 (6 P. (2d) 886). Such being true, Judge Hewitt was as fully authorized to enter a judgment based upon the findings of fact and conclusions of law bearing Judge Stevenson's signature as he would have been to render a judgment based upon the verdict of a jury which had sat in Judge Stevenson's department: *Hazard v. McAndrews,* 18 Wash. 392 (51 P. 1064).

The defendants, based upon the holding in *Henrichsen v. Smith,* 29 Or. 475 (42 P. 486, 44 P. 496), contend that the death of Judge Stevenson having occurred before a bill of exceptions could be settled, a new trial must of necessity follow because it was there held that no other judge had authority to settle the bill of exceptions. However, since the announcement of the decision in the case just cited our laws governing the

effect of the court reporter's notes and the settlement of bills of exception have been amended so that they now read:

"The report of the official reporter, when transcribed and certified to as being a correct transcript of the stenographic notes of the testimony, exceptions taken, charge of the judge, and other proceedings in the matter, suit, or action, shall be prima facie a correct statement of such testimony, exceptions, charge of the judge, and other proceedings, and may thereafter be read in evidence as the deposition of a witness in the cases mentioned in section 9-1707, and in case of the death, resignation, expiration of the term of office, or vacancy in the office from any other cause of the judge before whom such matter, suit, or action was tried, the exceptions and the statement thereof provided for by sections 2-701, 2-704 may be settled and signed by the successor in office of such judge or by any judge authorized in such cases to perform the general duties of the judge of such court; * * *." (Section 28-706, Oregon Code 1930.)

The provisions of the statute as amended fully warranted Judge Hewitt in settling the bill of exceptions: *Kruckman v. Smith,* 126 Or. 395 (270 P. 474). This contention, therefore, is without merit.

The above being our conclusions, it follows that the judgment of the circuit is affirmed.

BEAN, C. J., RAND and CAMPBELL, JJ., concur.