D. H. PEERY ESTATE et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5219. Decided January 20, 1932. (7 P. [2d] 269.)

*Ashby D. Boyle,* of Salt Lake City, for plaintiffs.

*Geo. P. Parker,* Atty. Gen., and *Samuel C. Powell,* of Ogden, for defendants.

CHERRY, C. J.

By this review the plaintiffs seek to annul an award of compensation made to the dependent widow of Henry Charles Smith an employee of D. H. Peery Estate, who was killed by accident. The employer and its insurer deny that the Industrial Commission was justified in finding that the accident resulting in the employee's death arose out of or in the course of his employment. Other essentials to compensation are admitted.

The employer, D. H. Peery Estate, was the owner of numerous buildings, situated within a radius of three or four blocks, in the business district of Ogden City. Henry Charles Smith was employed as a janitor and general utility man. His duties were to perform work in the several build-

ings, and, in going from one to another, it was necessary to cross the intervening streets. He had no fixed hours, but usually went on duty at 6 o'clock in the morning and quit work about 6:45 or 7 o'clock in the evening.

On the evening of Sunday, November 16, 1930, between 6 and 6:15 o'clock, while crossing Twenty-Fourth street at its intersection with Kiesel avenue, he was struck by an automobile, and sustained injuries from which he died three days later.

On the day of the accident, it was proved that the employee had particular work to do on both sides of the street which he was crossing when injured. He had been directed to put salt in the drain spouts of a building on the north side of Twenty-Fourth street, and it was his duty in the evening to fire a furnace and bank the fire for the night in a building situated on Kiesel avenue, one block south of Twenty-Fourth street. After the accident, it was discovered that he had salted the drain spouts on the building on the north side of Twenty-Fourth street, but that he had not attended to the furnace in the building one block south.

The plaintiffs contend that there is no evidence that the employee had any further duties at the time of the accident to be performed that day on the north side of Twenty-Fourth street, and that the evidence is conclusive that, when he was struck by the automobile, he was crossing the street from south to north. This is claimed to establish that the employee had ended his day's work and was on his way home when injured, or that he had stepped aside from the duties of his employment for a personal purpose, in either of which case the accident did not arise out of or in the course of his employment. It is accordingly argued that the finding of the Industrial Commission that the accident arose out of or in the course of the employment of the employee is not supported by any competent evidence, but rests entirely upon speculation and conjecture.

This argument fails, because the evidence that the employee was traveling north when injured was not conclusive. One witness who stood on the sidewalk testified directly

that the employee was going across the street from south to north; but the driver of the car testified to facts indicating that he was going from north to south. It was snowing at the time, there was considerable traffic at the place, and the scene was imperfectly lighted. Upon this evidence, the Industrial Commission was at liberty to find either way upon the subject, and its finding when made became final and not subject to judicial review.

But aside from this, it must be remembered that the duties of the employee were not confined to the particular tasks referred to. He was a janitor and general utility man for several buildings owned and operated by his employer. The employee was perhaps the only person who knew just where he was going and why, when he was struck down. His lips are sealed by death. But that does not prevent the fact that he was performing some duty of his employment from being inferred from other proved facts and circumstances.

The burden of proving that the accident to the employee in question arose out of or in the course of his employment was upon the applicant. But that burden was sustained when it was proved that the accident happened during the customary hours of his employment, at a place where his ordinary duties required him to be from time to time, and by reason of a danger incident to his employment to which he was frequently exposed. We think it not necessary, in such case, to expressly show that the particular movement of the employee at the time of his injury was a part of his employer's work, when that movement is consistent with the ordinary performance of his duties, and there is no showing to the contrary. Upon the facts, we conclude and decide that the industrial Commission was justified in finding that the accident in question, which resulted in the employee's death, arose out of or in the course of his employment.

Award affirmed.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.