CITY OF CLINTON ex rel. RICHARDSON v. KEEN, Dist. Judge.

No. 31295.    May 4, 1943.

138 P. 2d 104.

Snyder & Lybrand, of Oklahoma City, for relator.

Meacham, Meacham & Meacham, of Clinton, George W. Cornell, of Oklahoma City, and A. J. Welch, George C. Loving, and Arney & Barker, all of Clinton, for respondent.

WELCH, J. The petitioner seeks relief in mandamus on the theory that the respondent, the regular district judge of Custer county, has misconstrued the mandate and failed to properly comply therewith in a cause appealed from his court and here reversed. No. 30709, City of Clinton v. George W. Cornell et al., 191 Okla. 600, 132 P. 2d 340. It is respondent's position that he properly construed the mandate and that his action taken thereon was legitimate and proper.

Essential facts are that in cause No. 6658, pending in said district court, issues of law and fact were joined, and trial was had to an assigned judge who was then a regular judge of another district, but assigned to Custer county by order of the Chief Justice. At the close of plaintiff's evidence the court took under advisement the defendant's demurrer thereto. Upon conclusion of the trial and after hearing the evidence of both parties, the assigned judge took the whole case under advisement, including motion of each party for judgment on the evidence. Thereafter, upon proper assignment of the Chief Justice, the assigned judge returned to Custer county to render judgment. However, he did not go to Arapaho, the county seat and the legal location of the district court, but purported to render a judgment in the cause at Clinton, several miles from Arapaho. Thereafter, preliminary to a contemplated appeal, a case-made was prepared, including transcript of the evidence taken before the assigned judge, and that purported case-made was filed in the court clerk's office. Thereafter, the plan to appeal was abandoned and instead the plaintiff filed petition to vacate the judgment rendered at Clinton, on the theory that it was void. That relief was denied,

and on appeal this court reversed and remanded, holding that the judgment rendered by the assigned judge at Clinton was void, and ordered remand with directions that the purported judgment be vacated. The mandate contained the additional formal direction that the district court take such other and further action as would agree with right and justice and said opinion.

At that time the former assigned judge who heard the evidence, and took the case under advisement, had ceased to be a district judge by expiration of his term of office.

When the mandate came before the district court, the respondent, the regular district judge, was presiding. Upon appearance of the parties he ordered the mandate spread of record and ordered the void judgment vacated. He then declined to accept the theory of plaintiff that the cause should stand for trial as if no trial had been had, and concluded that it was his duty to consider that everything needful to be done had been done in the case except the formal rendition of judgment, and that it was his duty, without further trial, to render judgment in the case. There was no further trial and no evidence either by testimony or documentary evidence was presented to him. He stated from the bench that he had read the record of testimony and documentary evidence as shown by the purported case-made theretofore filed, including the findings of fact and conclusions of law involved in the purported rendition of judgment at Clinton by the assigned judge, and that he was fully advised thereby; and thereupon he entered a finding against plaintiff and in favor of the defendants upon all the issues of fact and law, and rendered judgment for the defendants.

We observe, however, that the judgment purported to be rendered by the assigned judge at Clinton contained no findings of fact, either general or specific, and the one conclusion of law therein stated was the general conclusion that judgment should be and the same was thereby rendered against the plaintiff and in favor of all of the defendants.

The petitioner here contends that the respondent judge misconstrued the mandate and was without jurisdiction or authority to render such judgment because no evidence whatever was introduced before him on which he could determine the issues of fact, there being no verdict or findings of fact specifically disposing of the issues of fact, and no indication of any findings except the conclusion of the assigned judge in his purported judgment which merely concluded generally that defendants were entitled to judgment, and which judgment was wholly void.

The respondent district judge evidently was of the view that all issues of fact and of law had been concluded by the action theretofore taken by the assigned judge, but in that he clearly erred, as that purported action was void and a nullity. Our decision in Dunn v. Carrier, 40 Okla. 214, 135 P. 337, is authority for the rule that when a trial judge takes a case under advisement and thereafter purports to render a judgment which is void, the status of the cause remains as one continuing to be held under advisement and not yet decided or determined.

It is suggested that the attempt of the assigned judge to render judgment which was void and resulted in a nullity would leave unimpaired his continuing authority to render a valid judgment. On the contrary, it is suggested that his effort to render final judgment terminated his authority and jurisdiction. We need not further discuss that point, as, in any event, the assigned judge was not requested to render any further judgment, it being contended that his judgment rendered at Clinton was valid. And before any opportunity was afforded him to render a valid judgment his term as judge expired, and no one contends that he could or should return to render judgment after such term expiration.

It is contended that his continuing

authority to render a valid judgment would pass over to the regular district judge, respondent herein, as successor to the assigned judge. No rule of this state by statute or decision is cited on the point, but reliance is placed on cited decisions from other states, which we have considered.

In Crippen v. Schnee, 52 Kan. 202, 34 P. 793, the entry of judgment ordered by a successor judge was upheld, but there, upon trial of the case before the predecessor judge, the jury returned complete verdict and special findings, and that judge heard and overruled motion to set aside the verdict and findings. It was concluded that the predecessor judge had sufficiently completed the matter to sustain the mere entry of judgment by the successor judge.

In Re Nolan's Will, 71 N. J. Eq. 207, 63 A. 618, the evidence was taken before a judge who resigned and the parties agreed that the successor judge should read and consider the former evidence, which he did, and then heard additional evidence and rendered judgment.

In Newburyport Institution for Savings v. Coffin, 189 Mass. 74, 75 N. E. 81, the trial judge went further before his death and concluded the trial, all apparently properly done in open court.

In Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139, the predecessor judge concluded the trial and (apparently then and there) dictated or pronounced in court his findings and his conclusions of law, then directing the reporter to take it in shorthand, which he did. Thereafter, on transcript being filed, the rendition of judgment by the successor judge was upheld.

In Hoffman v. Shuey (Ky.) 2 S. W. 2d 1049, the trial judge completed the trial and rendered judgment, apparently all in open court, but after the judgment was written into the journal he did not sign it. Held, his successor judge could· sign the entry by nunc pro tunc order.

Likewise, it was held if judgment had been previously rendered the same could be entered of record by successor judge in Benton v. King (Ky.) 250 S. W. 1002; Auxier v. Auxier (Ky.) 203 S. W. 310, and Rogers v. Bigstaff (Ky.) 195 S. W. 777.

In North Bergen Township v. Gough, 107 N. J. L. 424, 154 Atl. 113, the predecessor judge appointed experts for certain services, and after his death it was held the successor judge could properly allow them compensation.

In Hazzard v. McAndrews, 18 Wash. 392, 51 P. 1064, after all evidence on both sides, defendant's challenge to its sufficiency was granted and the jury was discharged and the case taken away from the jury, all by proper order made and entered by the presiding judge. Thereafter the successor judge could order entry of judgment as "a purely formal judgment not involving the exercise of any discretion," in the language of the Supreme Court. That court also observed that the predecessor judge had effectually disposed of all of the issues.

In State ex rel. Clark v. Bailey, 99 Mont. 484, 44 P. 2d 740, trial started before one judge who on his own motion continued the case for lack of efficient court reporter, after taking part of the testimony of one witness. Thereafter case was tried by another judge, but apparently the successor judge heard all of the evidence anew and rendered judgment.

In Case v. Fox, 138 Ore. 453, 7 P. 2d 267, trial judge, without jury, completed trial and prepared and signed findings of facts and conclusion of law, the latter setting out in detail the judgment for plaintiff, which was concluded to be proper. The judge died and judgment rendered by successor judge was upheld. However, the opinion points out the restricted attack made upon the findings of fact and that the stated attack was in no manner sustained. The opinion also indicates the great weight given to findings of fact by the trial judge.

In the case at bar there were no findings of facts, either stated by the

trial judge in court, or written and signed by him. We find that decision not persuasive to a conclusion here for the respondent. In that case the second paragraph of the syllabus reads as follows:

"Associates and successor of deceased judge could complete any of his incomplete acts not involving comparison and weighing of testimony."

That rule supports the conclusion here for relator, since here, with the case taken under advisement by the court on the evidence, and no judgment rendered, the subsequent rendering of a judgment would and did apparently "involve comparison and weighing of the testimony."

In 44 Ariz. 559, 39 P. 2d 640, Chiricahua Ranches Co. v. State, the presiding judge received the verdict in open court, directed the clerk to file and record same, discharged the jury and then declared judgment granted to defendants according to the verdict, and recessed court. All this proceeding was entered in full by the clerk. However, the trial judge failed to comply with a court rule, having effect of a statute, which required that no judgment be rendered unless at the same time there should be filed a formal written judgment signed by the trial judge. The trial judge died and it was held that his action did not amount to a valid rendition of judgment for failure of the formality mentioned, but by reason of that which had occurred in open court, the successor judge could complete the case by formally rendering judgment and writing and signing the same. We find there no persuasive authority to conclude here for respondent on account of the marked distinction of fact.

In 154 Ore. 76, 58 P. 2d 606, Jordan Valley Irr. Dist. v. Title & Trust Co., the trial judge, without jury, heard the case and made and filed detailed findings of fact and his opinion, noted as consisting of over 20 pages of printed matter, which the court on appeal said was a determination of the suit, and constituted findings of fact and a direction for entering a decree in the suit. Presiding judge died before the decree was rendered and it was held his successor could enter decree accordingly. The opinion points out that there was no objection in the record to the proceedings taken by the successor judge. Nevertheless, the assignment of error was referred to and passed upon with the above holdings. The court referred to 33 C. J. 973, § 103, which section concludes with the statement that "where a case is tried by the judge and the issues remain undetermined by him, his successor cannot decide or make findings in the case without a trial de novo. . . ."

There is nothing in this decision to indicate any departure from the rule theretofore adopted in the same court as quoted above in the second paragraph of the syllabus in Case v. Fox, 138 Ore. 453, 7 P. 2d 267. The implication of this decision is that the successor judge could not render judgment in a case like the one at bar, where the trial judge made no finding of fact. This decision is not persuasive authority to conclude for the respondent.

Thus it appears that preliminary action may be taken by one judge and further action by his successor. And that when one judge has fully completed some portion of the proceedings the successor judge may go forward. And that in some cases where the trial of the cause on its merits has been fully completed, and there has been a valid decision of facts by the court, or by jury verdict with court approval, that the cause may be completed by formal entry of judgment by the successor judge.

We find no authority, however, to sustain the contention that when issues are joined on questions of law and fact and the case has been tried and taken under advisement, and the effort of the trial judge to close the matter by rendition of judgment is void and a nullity, and the matter thus remains undetermined, that a successor judge may enter judgment without any evidence being introduced before him by either testimony or documents.

In this case the judgment last attempted to be rendered coincides with the judgment which theretofore the assigned judge attempted to render and which attempt was a nullity. If the entry of the subsequent judgment is sought to be upheld on the theory that its entry was in the nature of a ministerial act involving the exercise of no discretion as in some of the cited cases, it could not stand, as there is no supporting foundation of a valid determination of issues as in the above cited cases of Hazzard v. McAndrews; Case v. Fox; Chiricahua Ranches Co. v. State; Jordan Valley Irr. Co. v. Title & Trust Co.; Edmonds v. Riley; and Hoffman v. Shuey.

If the last judgment attempted to be rendered by the respondent regular judge is sought to be upheld as a determination by him of the issues of law and fact, then it cannot stand, although he states in the journal entry that he had examined the records, including the evidence theretofore heard by the assigned judge; because here there was no formal introducing of this record as evidence before him; nor was there any agreement of the parties that he should read that evidence and consider it as in the above cited case of In re Nolan's Will, and there was nothing before the judge on which he could make a judicial determination.

And as pointed out, there is nothing in the judgment theretofore attempted to be rendered by the assigned judge constituting a finding upon issues of fact which the successor judge could have adopted as his own, if it be assumed, although we do not here decide it, that under such circumstances a successor judge could adopt findings of fact of his predecessor judge. However, we should here reserve any determination of the question whether a successor judge could so adopt the findings of facts by a predecessor judge, as that exact question is not here.

We must conclude that upon the mandate above referred to the respondent judge could take no action except to order the vacating of the judgment theretofore rendered by the assigned judge. The result would be that the case would stand as though no trial had been held, since the trial theretofore held had not been completed by any findings of fact, decision or determination by the judge who tried it, and since that could not now be done by him because of his term expiration; and since no judicial determination could be made except by a court conducting a hearing and trial upon which to base a decision and determination.

It results, then, that the respondent judge did not comply with the mandate and decision of this court and it is now the duty of this court to require such compliance by mandamus. Wellsville Oil Co. v. Miller, 48 Okla. 386, 150 P. 186; State ex rel. First National Bank in Ardmore v. Ogden, 173 Okla. 285, 49 P. 2d 565; State ex rel. Wolf v. Crump, 143 Okla. 71, 287 P. 719.

Whether the purported case-made above referred to, or any part thereof, should in the future be introduced as evidence, and considered on the trial of this cause, is a matter to be then determined by the applicable rules.

As additional relief the petitioner seeks to have the respondent regular district judge ordered to disqualify in further proceedings in this case. There is conflict in the showing made as to whether respondent judge made statements as to his disqualification. There is no showing that the assigned judge was originally selected on account of the expressed disqualification in the cause of the respondent regular judge. It does appear that no formal application has ever been made to the respondent in the manner provided by law that he certify his disqualification in the case. The application that we now require him to disqualify is therefore premature and for that reason is not now passed upon.

As an additional relief the petitioner prays as damages that he recover an attorney's fee herein and that he have judgment therefor against respondent, together with the costs of this proceedings. Within our discretion in such matter it is concluded by a majority of the court that from the mere record

itself this court should not fix attorney's fee and render judgment therefor, nor for the costs.

We therefore conclude the respondent, W. P. Keen, should be required as in mandamus to vacate the judgment rendered by him in his court on January 18, 1943, in cause No. 6658, styled City of Clinton, a Municipal Corporation, ex rel. I. G. Richardson v. E. C. Williams, and that in lieu thereof he enter therein an order vacating the former judgment rendered by the assigned judge and directing that said cause stand for further proceedings or for trial as if no trial had been commenced or held or had therein; and it is so ordered.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY and HURST, JJ., absent.