MILAM *v.* YOUNG.

(In Banc.   April 26, 1948.)

[35 So. (2d) 67.   No. 36753.]

**J. B. Boyles**, of Batesville, for appellant.

McClure & Fant, of Sardis, for appellee.

Argued orally by **J. B. Boyles**, for appellant, and by **James McClure**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee executor sued the appellant to recover for three items of money which the executor alleged belonged to the estate of his decedent but which had been converted by appellant to her own use. The prayer of the bill was that upon final hearing the court "will order and require the defendant to pay to complainant for said estate the aforesaid sums of $2,051.61, $1,103.79 and $4,000.00 plus interest on each of said sums as hereinabove set forth,

and all costs herein." The case was fully heard at the regular July 1947 term of the Chancery Court and at the conclusion thereof the Chancellor by order duly entered took the case under advisement for "decision and decree in vacation". This was on July 29, 1947.

On August 30, 1947, the Chancellor signed an elaborate written opinion covering 10 typewritten pages of the present transcript, and, as customary in such cases, he sent a signed copy of the opinion to each of the solicitors engaged in the case. The opinion covered fully every issue of fact so far as well pleaded, or substantially embraced in the evidence, with his finding thereon and he concluded his opinion with the statement that he would sign a decree when presented in accordance with the prayer of the bill. The opinion was accompanied by a letter to each of the solicitors, and the letter concluded with the statement that the "prayer of the original bill will be and is sustained." Both the letter and the opinion were signed by the Chancellor as chancellor.

Before the solicitors for the executor had time to prepare and present to the Chancellor a decree in conformity to his written directions the Chancellor was suddenly overtaken by death. The decree as directed was signed and entered by the successor chancellor, after notice to all parties, and this action forms the ground for the chief complaint of appellant. We have examined the other grounds of her complaint and find none of them well taken.

There seems to be no case in our own books on the precise point mentioned. The authorities from other states, or sufficient of them, are reviewed in City of Clinton v. Keen, 192 Okl. 382, 138 P. (2d) 104, citing among others Case v. Fox, 138 Or. 453, 7 P. (2d) 267, cited and reaffirmed in Jordan Valley Irr. Dist. v. Title & Trust Co., 154 Or. 76, 58 P. (2d) 606. In Case v. Fox, the circuit judge, who presided without a jury, signed findings of fact and conclusions of law in favor of the plaintiff on all issues and directed that the plaintiff take judgment stat-

ing the amount for which the judgment should be entered. Before the actual entry of the judgment the judge died and a judgment entered by his successor in accordance with the findings and directions of the deceased judge was upheld. Said the Court [138 Or. 453, 7 P. (2d) 269]: ''The findings of a judge settle the issues of fact as conclusively as the verdict of a jury. Such being true, Judge Hewitt was as fully authorized to enter a judgment based upon the findings of fact and conclusions of law bearing Judge Stevenson's signature as he would have been to render a judgment based upon the verdict of a jury which had sat in Judge Stevenson's department,'' citing Hazard v. McAndrews, 18 Wash. 392, 51 P. 1064.

That rule meets with our approval, and we are of the opinion that the action of the successor Chancellor in signing, and ordering the entry of, the decree in accordance with the opinion and directions of his predecessor was correct.

Affirmed.