CHARLES E. MCCRAITH, Respondent, *v.* IKE BUSS, Appellant.

First Department, November 18, 1921.

Contracts — action to recover commissions for procuring contract in defendant's behalf with United States government — defense of illegality — evidence — varying terms of written contract by oral agreement — oral conversations preceding making of written contract competent to show that plaintiff agreed to use illegal means in securing contract for defendant — agreements for commissions in obtaining contracts from government enforcible — contract not enforcible where plaintiff agreed to use illegal means — pleadings — illegality must be pleaded as defense to enforcement of contract to be available.

In an action to recover commissions claimed by the plaintiff to be due him from defendant in procuring a contract in the latter's behalf with the United States government for the making of garments, in which the defense was that the plaintiff agreed to use illegal means in securing the contract, oral conversations preceding the making of the written contract which tended to show that the contract was to be performed in an illegal way by the use of corrupt means and improper influences upon officials of the government do not tend to vary the written contract and are admissible in evidence.

Agreements for commissions in obtaining contracts from the government are lawful and enforcible in this State, but when an agreement to obtain government contracts contemplates that such contracts are to be obtained by the use of improper and corrupt means and by undue influence, it is against public policy and unenforcible.

The pleading was sufficient to raise the question of illegality for the allegations were specific that the contracts were to be obtained by undue influence and improper and corrupt means.

Illegality must always be pleaded to be available and is well recognized as a defense to the enforcement of any contract, and in all such actions the defendant must plead and prove his own wrong in order to defend upon the contract.

APPEAL by the defendant, Ike Buss, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of October, 1920, upon the verdict of a jury rendered by direction of the court.

*Herman Joseph* [*Luke D. Stapleton* of counsel], for the appellant.

*Clark, Prentice & Roulstone* [*W. B. Roulstone* of counsel; *Gullie B. Goldin* with him on the brief], for the respondent.

SMITH, J..

The plaintiff sues upon a contract for commissions for procuring a contract in defendant's behalf with the United States government for the making of garments. He sets up the making of the contract, the performance of the services and the number of garments manufactured, which would determine the measure of his compensation.

The main question in the case arises over the first defense. The first affirmative defense is that upon the 8th day of October, 1917, which was the date of the contract as alleged in the plaintiff's complaint, the plaintiff and defendant agreed that the plaintiff should, " by the exercise of secret, corrupt and improper influence upon the public officers and officials of the Government of the United States vested with power and authority in that behalf, and by improper, corrupt and secret negotiations and dealings with such public officers and officials, endeavor to obtain from them for the defendant a contract or contracts for the manufacture, by the defendant, for the Government of the United States, of garments consisting of coats and pants," and " the agreement so made as aforesaid is the same agreement referred to in the complaint herein, and said agreement is contrary to public policy, unlawful, null and void."

Upon the trial of the action the defendant sought to prove this defense by showing oral conversations preceding the

making of the written contract between the parties to the effect claimed by this provision of the answer. This was objected to upon several grounds, among them, that the defense sought to be proven would constitute a variance of the written contracts, and further, that the defense pleaded contained conclusions and not statements of the fact. The evidence was rejected by the trial court over the plaintiff's objection and an exception was duly taken. I am unable to see, however, why the evidence was not competent under the pleadings. It did not tend to vary the terms of the written contract in any particular. The evidence was to show that this written contract was to be performed in an illegal way by the use of corrupt means and improper influences. It has been held in the United States courts that any agreements for commissions in obtaining contracts from the government are against public policy and cannot be enforced. But this State does not follow the United States courts in this regard, and holds such a contract lawful and enforcible. (*Beck* v. *Bauman*, 187 App. Div. 774.) Where, however, the agreement to obtain government contracts contemplated that such contracts were to be obtained by the use of improper and corrupt means and by undue unfluence, a different question is presented and the contract becomes one against public policy unenforcible either in the courts of this State or of the United States. It would be a simple matter if by omitting from the written contract the method in which it was to be performed, the courts were bound to hold valid a contract which contemplated illegal acts. If, for instance, this plaintiff had agreed, as seems to be here intimated, to pay part of his commissions to some public official for the purpose of obtaining a government contract, it can hardly be claimed that the omission of this part of the agreement from the contract would render it valid. In such a case part only of the contract actually made is reduced to writing. The ruling, therefore, cannot be sustained on the ground that the evidence seeks to vary the terms of the written agreement.

Nor in my judgment can it be said that the pleading is insufficient to raise the question sought here to be raised by the defendant. The allegations as quoted above are specific that these contracts were to be secured by undue influence

and improper and corrupt means. If more specific information were required that could be obtained by a bill of particulars. The allegations are allegations not of conclusions, but of facts, so stated as possibly to render the pleading obnoxious to a motion to make the same more definite and certain, but stated with sufficient particularity to authorize proof of the facts therein stated and to give to the plaintiff full notice of the issue which the defendant thus tenders. If the pleading thus be held sufficient, it is unnecessary to pass upon the question as to whether the discretion of the court was abused in failing to allow either an amendment upon the trial or the withdrawal of a juror that an amendment might be applied for at Special Term.

The second defense in my judgment does not state a rescission or abandonment of the contract as claimed by the defendant. The contract as therein stated is too indefinite upon which to predicate any cause of action or any defense. Upon the argument before this court counsel did not in any way rely upon its exception to any ruling which would present the sufficiency of that defense. In fact, the defense was not shown or attempted to be shown by the defendant's witnesses. The defendant's sole reliance, apparently, was upon the first defense stated in the answer. It is true that to permit a defendant to plead an immoral or illegal agreement in defense is to permit him to assert his own wrong. But illegality must always be pleaded and is well recognized as a defense to the enforcement of any contract, and in all such actions the defendant must plead and prove his own wrong in order to defend upon the contract.

For the reason, therefore, that the defendant was not permitted to prove the defense alleged in the answer, the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.