97 FIFTH AVENUE CORPORATION, Respondent, *v.* MAX SCHATZBERG, Appellant.

First Department, March 2, 1954.

*George J. Malinsky* of counsel (*Richard E. Rosenbaum,* attorney), for appellant.

*Louis Niden* of counsel (*William P. Thomas,* attorney), for respondent.

BASTOW, J.  The respondent-landlord has a judgment awarding it possession of premises occupied by the appellant as a statutory tenant under a written lease made with respondent's

predecessor in July, 1946. This summary proceeding was brought in Municipal Court and following a trial an order was made dismissing the landlord's petition. The Appellate Term reversed and granted landlord's requested relief.

The written lease was dated July 11, 1946, and the term thereof commenced on July 21, 1946, and ended on July 31, 1949. It contained a provision that '' The premises herein demised *are let expressly* upon the condition that the same be not used as a dwelling or for living purposes, but for the purpose of a medical doctor's office.'' On August 2, 1946, the respondent acquired title to the premises and about a month later the appellant moved into the leased apartment. At this time the appellant was a doctor but he was not licensed to practice in this State until July, 1949.

It was conceded upon the trial that from September, 1946, the tenant used the apartment as a home for himself and his family and that since March, 1950, a portion of the premises has been used as a doctor's office and the remainder for residential purposes. The arrangement was satisfactory to both parties for a period of about six years. The monthly rent of $103.50 was paid and accepted from July, 1946, to January, 1951, when the landlord accepted a monthly increase of $2 for granting permission to install a television antenna. In March, 1952, the tenant commenced an overcharge proceeding before the local rent administrator which resulted in a reduction of the monthly rent to $62. This was based upon a finding of the administrator that the premises were used for dwelling and business purposes and that they were inseparable but the predominant use was for dwelling purposes.

This summary proceeding was thereafter commenced. The tenant's answer, among other things, alleged waiver by the landlord and its predecessor of the provisions of the lease relating to use of the premises. It was further alleged '' That the lease alleged by the Landlord in its petition was a subterfuge for the purpose of evasion, by the Landlord's predecessor in title and by the Landlord, of the applicable rent control laws in force at the time said lease was executed and delivered, and that the same was and is illegal and void.''

Upon the trial the tenant attempted to prove the latter defense. This was objected to upon the ground that the defense sought to be proved would change or vary the terms of a written instrument. The evidence was rejected by the trial court.

The State Residential Rent Law makes it unlawful, regardless of any lease, to demand or receive any rent for any housing

accommodation in excess of the maximum rent (L. 1946, ch. 274, as amd.). The fact that a contract as embodied in the written evidence thereof is perfectly valid on its face, does not preclude a party when sued thereon from showing the true nature of the contract, and its consequent illegality. Parol evidence is always competent to show that the consideration for a written contract is illegal. If a different rule prevailed, parties to illegal contracts could make them enforcible by the simple device of putting them in writing, using such words as would conceal or omit the illegal objects intended by them to be accomplished (1 Clark on New York Law of Contracts, § 391; cf. *McCraith* v. *Buss,* 198 App. Div. 524).

We conclude that the rejection of the evidence in support of the alleged defense was error and requires a new trial.

We appreciate that on the trial court's theory of the case it may not have been necessary to reach a determination of this defense. The trial court assumed that it was a bona fide business letting and held " as a matter of law that a waiver and estoppel has been established here ". However, it is not clear whether there was found to be a waiver of the covenant relating to use or a waiver of the breach of the covenant. The Appellate Term reversed and ordered the tenant evicted " Since the landlord was guilty of no wrongdoing, it should not be required to permit the tenant to remain in the premises at the lower rent fixed by the rent administrator. Otherwise the tenant would profit by his own wrong and the landlord would be penalized without any wrong on its part."

In the view we take of the case, it becomes unnecessary to discuss these conflicting views. The defendant was prevented from offering evidence on its defense of subterfuge to evade the rent laws. It may be true that to permit a defendant to plead an illegal agreement in defense is to permit him to assert his own wrong. But illegality must always be pleaded and is well recognized as a defense to the enforcement of any contract (*McCraith* v. *Buss, supra*; cf. *Sylvester* v. *Bernstein,* 283 App. Div. 333).

The determination appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

PECK, P. J., CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Determination unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.