FRANK N. MORGENSTERN, Respondent, *v.* MORRIS COHON, Appellant.

First Department, March 29, 1956.

*Lester Samuels* of counsel (*Adolph Kaufman* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for appellant.

*Maxwell Wyckoff* of counsel (*George L. Livingston* with him on the brief; *Livingston, Livingston & Harris,* attorneys), for respondent.

*Per Curiam.* Defendant appeals from an order granting plaintiff's motion to strike the first affirmative defense for insufficiency (Rules Civ. Prac., rule 109). The defense was held insufficient upon the ground that it contained mere conclusions of law unsupported by allegations of fact. The order grants defendant leave to serve an amended answer.

The complaint, in substance, alleges that defendant requested plaintiff to aid him in his efforts to bring about the re-election of the board of directors of the Hudson & Manhattan Railroad Company by the purchase of 16,500 shares of the common stock of the railroad, which were to be voted for these directors. Defendant promised plaintiff that he would pay him one half of any loss in excess of $20,000 that might be sustained in the sale of the common stock so purchased. The indemnity, however, was limited to $5,000. The complaint alleges that plaintiff purchased 16,500 shares which were voted for the election of the directors. The stock was later sold at a loss of $31,112.19, and plaintiff seeks to recover the sum of $5,000.

At Special Term, the complaint was held to be sufficient and, in affirming by a divided court, we determined that the complaint did not on its face demonstrate illegality (285 App. Div. 1124).

Thereafter, defendant served his answer. In paragraph 5 thereof, it alleges, in substance, that '' The promise * * * and the agreement * * * are unenforceable, are prohibited

by and contravene the statutory law and public policy of the State of New York * * * and contravene the public policy of the State of New Jersey, in that they constitute the sale of a vote by plaintiff as a stockholder * * * and an agreement to vote the stock * * * in return for and in consideration for a gain personal to the plaintiff.''

The defense of illegality must be pleaded (*97 Fifth Ave. Corp.* v. *Schatzberg,* 283 App. Div. 407, 409; *McCraith* v. *Buss,* 198 App. Div. 524). In doing so, however, the allegation of bare conclusions is insufficient. It was held in *Equitable Trust Co.* v. *Keene* (111 Misc. 544, 546, affd. 195 App. Div. 384, revd. on other grounds 232 N. Y. 290) that a defense alleging that '' the agreement ' is a gambling contract and is illegal and unenforcible ' '' states only a conclusion. Conversely, pleading that an agreement is legal, valid and enforcible under the laws of a foreign jurisdiction was held to be insufficient (*Kaufman* v. *Investors Syndicate,* 149 Misc. 686, WASSERVOGEL, J.).

It is true that in *McCraith* v. *Buss* (*supra*) illegality of a contract was pleaded as a separate defense and was held to be sufficient. Defendant in relying upon that authority, however, fails to recognize that facts are alleged in the answer in that case which, if provable, would establish the illegality of the contract. The contention of appellant that the words '' that they [the promise and agreement] constitute the sale of a vote by plaintiff as a stockholder '' are adequate as an allegation of facts cannot be sustained. The very use of the word '' constitute '' clearly demonstrates the conclusory nature of the pleading.

If, as defendant contends, the contract alleged in the complaint is illegal, he can plead facts in his answer sufficient to establish the defense, if provable.

The order appealed from should be affirmed.

BOTEIN, J. (dissenting). When this court previously sustained the complaint in this action it did not hold that the agreement recited in the complaint was either legal or illegal. All we decided was that '' this action should await trial to develop all the facts and circumstances surrounding the making of the agreement in order to determine whether or not it is illegal '' (285 App. Div. 1124). Since the agreement was not pleaded *in haec verba,* but in terms of ultimate facts, its manner of pleading admitted of the possibility that upon trial it might be proven illegal.

In his answer defendant has unequivocally denied making the alleged agreement. Two vital issues may therefore be

presented at the trial. The first is whether the parties in fact entered into the agreement as alleged in the complaint, which is denied in the answer. Second, if plaintiff establishes such an agreement the issue of its illegality will then have to be determined. But there is authority for the proposition that in order to assert such illegality upon the trial defendant must plead it. The dilemma in which defendant finds himself is that in his answer proper he explicitly denies making the very agreement which, as pleaded by plaintiff, he contends is illegal. If he pleads the ultimate facts of an agreement in such manner as to meet plaintiff's specifications, defendant may be making admissions that will help plaintiff prove the very contract he denies making (*Talbot* v. *Laubheim,* 188 N. Y. 421, 425).

A party who, in raising the issue of illegality of a contract, relies on allegations confined to his own pleadings, should plead facts and not conclusions. This is sound and fundamental pleading practice. But defendant here is relying on the facts pleaded by plaintiff himself. He denies that the agreement as claimed by plaintiff was ever made. If it is found that such an agreement was in fact made, and only in such a contingency, he then asserts that it is illegal and unenforcible. This is a species of pleading in the alternative.

However, the defense in dispute actually pleads sufficient facts to satisfy the most meticulous stickler for formalism. It alleges in part, in paragraph 5, that " The promise of the defendant *as alleged in the complaint* and the agreement *as alleged in the complaint,* and upon which plaintiff sues, and upon which plaintiff seeks recovery are unenforceable, are prohibited by and contravene the statutory law and public policy " (italics supplied). It is clear, therefore, that the allegations of fact set forth in the complaint have been incorporated by reference into the defense.

The order appealed from should be reversed and the motion denied.

BREITEL, FRANK and BERGAN, JJ., concur in *Per Curiam* opinion; BOTEIN, J., dissents and votes to reverse in opinion, in which PECK, P. J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent.