Edgar J. Nathan, Jr., J.
Application by petitioner under article 78 of the Civil Practice Act to annul the determination of the respondent, State Rent Administrator, which found the apartment herein to be subject to rent control.
On February 23, 1955 petitioner leased the apartment under a lease which restricted the occupancy of the premises to the tenant’s business of commercial designer, at a rental of $75 monthly. Thereafter the tenant instituted overcharge proceedings claiming that the petitioner knew that the tenant intended to use the apartment for residential purposes even though the tenant posed as a commercial designer and stated he desired the premises for business purposes. The landlord opposed the application on the ground that the tenant, in bad faith, misrepresented the purpose of tenancy in order to induce the landlord to enter into a lease of the premises and that, as *777 a result of the tenant’s deception, the petitioner terminated negotiations with a painter who wished to occupy the apartment for commercial purposes.
The petitioner does not dispute the Administrator’s -finfling that the premises still remained subject to rent control in spite of the existence of the commercial lease but claims that the Administrator’s determination that the lease was entered into in bad faith by petitioner is arbitrary since it was based on conflicting affidavits and was made without affording the petitioner an opportunity to present proof concerning the issue of bad faith.
The facts disclosed in the affidavits and the inspection by the Administrator’s investigator are sufficient to support the Administrator’s order fixing the maximum rent for the premises and determining that the premises were occupied solely for residential purposes despite the commercial lease which was found to have been entered into for the purpose of evading the rent laws (Matter of Marvin Court v. McGoldrick, 150 N. Y. S. 2d 292, affd. 283 App. Div. 1111).
The tenant’s proceeding before the local rent administrator and the petitioner’s protest from the order issued thereon were confined to the issues of whether the premises were actually used for residential rather than business purposes and the maximum rental of the premises. To the extent that the Administrator determined those issues, there is no valid basis for any objection on the part of petitioner. Since the question of bad faith had no direct bearing on the matters to be decided by the Administrator, any determination of that issue, especially where the claims of the parties with respect to that question are in dispute and no opportunity was given petitioner to adduce proof with respect thereto, is clearly arbitrary.
The issues of bad faith or of subterfuge to evade the rent laws are matters of defense to be asserted in any action for damages or for possession of the premises based on violation of the covenants of the lease (Sylvester v. Bernstein, 283 App. Div. 333, affd. 307 N. Y. 778; 97 Fifth Ave. Corp. v. Schatzberg, 283 App. Div. 407; State Residential Rent Law, § 11, subd. 5).
The record before the Administrator furnishes an insufficient basis for any finding of bad faith. Under the circumstances the finding is arbitrary and the matter is hereby remitted to the Administrator for the purpose of eliminating the finding, or for a further determination of that question after affording petitioner a hearing to present his proof as to the issue of bad faith (see Matter of Bospect Realty Corp. v. McGoldrick, 283 App. Div. 566).