omitted to insert an endotracheal tube in the patient during surgery. Dr. Umansky may be questioned not only about what he observed and did but he may be required also to give his diagnosis or opinion of decedent's condition based upon his knowledge of the facts *(Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234; and see *Harley v Catholic Med. Center of Brooklyn,* 57 AD2d 827; *Wilson v McCarthy,* 57 AD2d 617; *Carvalho v New Rochelle Hosp.,* 53 AD2d 635). Defendant contends that Dr. Umansky is not qualified to give an opinion on anesthesiology or obstetrics or what occurred in the operating room (see *McDermott v Manhatten Eye, Ear & Throat Hosp.,* 15 NY2d 20, 29-30). Special Term, however, did not order that he give expert opinion evidence on the general accepted practices in those fields, but has properly permitted questions directed to the treatment that Dr. Umansky rendered to the patient. The fact that his opinion may refer also to the services rendered by defendant doctors does not preclude examining him *(Carvalho v New Rochelle Hosp., supra).* (Appeal from order of Monroe Supreme Court—discovery.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

◼ ONONDAGA COUNTY WATER AUTHORITY, Respondent, v CITY OF SYRACUSE, Appellant. (Appeal No. 1.)—Order unanimously reversed, with costs, defendant's motion granted in part and matter remitted to Supreme Court, Onondaga County for further proceedings, all in accordance with the following memorandum: Plaintiff seeks a declaratory judgment that the city legally leased its vacant terminal building at Hancock Airport to plaintiff for office use for a term of 25 years commencing in 1966 and that the lease is presently valid and subsisting. Subdivision 5 of section 352 of the General Municipal Law specifically prohibits a municipality from leasing all or part of its airport property to another for other than airport purposes. The statute has been amended twice to exempt Suffolk and Oneida Counties from this restraint (see General Municipal Law, § 352, subds 5-a, 5-b), but despite evidence appearing in the record that the Legislature was advised to eliminate the restriction, it has failed to do so. In view of this legislative history and the clear language of the statute, we conclude that the city acted in excess of its powers, its general power to lease and convey real property notwithstanding, and that the lease is void. Plaintiff alleges that acting in good faith and relying upon the city's execution of the lease, it has spent substantial sums to renovate and modernize the air terminal building. While the city is not estopped from voiding the lease (see *Town of Guilderland v Swanson,* 41 Misc 2d 398, mod 29 AD2d 717, 719, affd 24 NY2d 872), it should not be permitted to unjustly enrich itself by doing so (see *Lindlots Realty Corp. v County of Suffolk,* 278 NY 45, 53; and see *MacMurray v City of Long Beach,* 292 NY 286; *Ward v Kropf,* 207 NY 467). Defendant is entitled to a judgment declaring the lease void, and the matter is remitted for a determination of damages (see *Snow v Pulitzer,* 142 NY 263, 270). The appeal concerning the bill of particulars (Appeal No. 3) is largely moot in view of our disposition on the summary judgment motion because the particulars on damages were not alleged by plaintiff to be on information and belief. Defendant's objection to the court's order in Appeal No. 2 is similarly obviated and we affirm the orders involving those two appeals. (Appeal from order of Onondaga Supreme Court—strike affirmative defense, summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

◼ ONONDAGA COUNTY WATER AUTHORITY, Respondent, v CITY OF SYRACUSE, Appellant. (Appeal No. 2.)—Order unanimously affirmed. Same

memorandum as in *Onondaga County Water Auth. v City of Syracuse* (74 AD2d 733). (Appeal from order of Onondaga Supreme Court—preclusion.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ ONONDAGA COUNTY WATER AUTHORITY, Respondent, v CITY OF SYRACUSE, Appellant. (Appeal No. 3.)—Order unanimously affirmed. Same memorandum as in *Onondaga County Water Auth. v City of Syracuse* (74 AD2d 733). (Appeal from order of Onondaga Supreme Court—preference.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ NIAGARA FALLS URBAN RENEWAL AGENCY, Appellant, v POMEROY REAL ESTATE CORPORATION et al., Respondents.—Order unanimously reversed, without costs, and motion granted, in accordance with the following memorandum: Plaintiff filed and served a note of issue and statement of readiness in this condemnation action on October 16, 1978. Thereafter, on February 8, 1979 defendants served plaintiff with a notice for an examination before trial. On February 16, 1979 plaintiff moved for a protective order, seeking to vacate the notice on the grounds that the statement of readiness was filed and no action was taken by the defendants to strike the note of issue from the calendar. While this motion was pending, defendants moved for an order directing plaintiff to submit certain appraisals used for the purpose of obtaining funds from the Department of Housing and Urban Development requested in a notice for discovery and inspection dated December 4, 1978. By order dated April 17, 1979 Special Term ordered that defendants be allowed an examination of plaintiff's director or, in the alternative, that plaintiff submit to defendants the appraisal documentation in question. Plaintiff appeals from this order. The order is reversed because defendants did not move to strike the statement of readiness nor commence discovery proceedings within the time requirements set forth in the rules of this Department (22 NYCRR 1024.4, 1024.24). Thus, it is foreclosed from pretrial discovery (*Giddens v Moultrie*, 66 AD2d 993; *Doll v Kleinklaus*, 66 AD2d 1003; *Schuster v Constantine*, 56 AD2d 737; *Marchitelli v Greco Sales & Serv.*, 52 AD2d 796). To effectuate the purposes of the statement of readiness rule, it must be strictly enforced (*Giddens v Moultrie, supra; Cerrone v S'Doia*, 11 AD2d 350). Only where there are present "special, unusual or extraordinary circumstances, spelled out factually," has Special Term discretion to depart from the rule which forecloses discovery proceedings after the statement of readiness has been filed (*Giddens v Moultrie, supra; Doll v Kleinklaus, supra; Schuster v Constantine, supra; Finn v Crystal Beach Tr. Co.*, 55 AD2d 1001; *Riggle v Buffalo Gen. Hosp.*, 52 AD2d 751; *Burnett Process v Richlar Inds.*, 47 AD2d 994; *Fuoco v Boyle Bros.*, 40 AD2d 943). Defendants have failed to demonstrate the existence of such circumstances. Their reliance upon a claimed agreement between the parties that their right to pretrial discovery survived the filing of the statement of readiness is without merit. Such an agreement even where demonstrated may not be employed to circumvent the rule (*Giddens v Moultrie, supra; Doll v Kleinklaus, supra; Burnett Process v Richlar Inds., supra; Fuoco v Boyle Bros., supra*). (Appeal from order of Niagara Supreme Court—discovery.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Moule, JJ.

■ PATRICIA O'CONNOR, Individually and as Parent and Natural Guardian of JENNIFER O'CONNOR, an Infant, Respondent, v FRED LARSON, Appellant.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this personal injury action, the complaint alleges that a dog owned by defendant attacked