■ Onondaga County Water Authority, Respondent, v City of Syracuse, Appellant. (Appeal No. 1.)—Order unanimously reversed, with costs, defendant's motion granted in part and matter remitted to Supreme Court, Onondaga County for further proceedings, all in accordance with the following memorandum: Plaintiff seeks a declaratory judgment that the city legally leased its vacant terminal building at Hancock Airport to plaintiff for office use for a term of 25 years commencing in 1966 and that the lease is presently valid and subsisting. Subdivision 5 of section 352 of the General Municipal Law specifically prohibits a municipality from leasing all or part of its airport property to another for other than airport purposes. The statute has been amended twice to exempt Suffolk and Oneida Counties from this restraint (see General Municipal Law, § 352, subds 5-a, 5-b), but despite evidence appearing in the record that the Legislature was advised to eliminate the restriction, it has failed to do so. In view of this legislative history and the clear language of the statute, we conclude that the city acted in excess of its powers, its general power to lease and convey real property notwithstanding, and that the lease is void. Plaintiff alleges that acting in good faith and relying upon the city's execution of the lease, it has spent substantial sums to renovate and modernize the air terminal building. While the city is not estopped from voiding the lease (see *Town of Guilderland v Swanson,* 41 Misc 2d 398, mod 29 AD2d 717, 719, affd 24 NY2d 872), it should not be permitted to unjustly enrich itself by doing so (see *Lindlots Realty Corp. v County of Suffolk,* 278 NY 45, 53; and see *MacMurray v City of Long Beach,* 292 NY 286; *Ward v Kropf,* 207 NY 467). Defendant is entitled to a judgment declaring the lease void, and the matter is remitted for a determination of damages (see *Snow v Pulitzer,* 142 NY 263, 270). The appeal concerning the bill of particulars (Appeal No. 3) is largely moot in view of our disposition on the summary judgment motion because the particulars on damages were not alleged by plaintiff to be on information and belief. Defendant's objection to the court's order in Appeal No. 2 is similarly obviated and we affirm the orders involving those two appeals. (Appeal from order of Onondaga Supreme Court—strike affirmative defense, summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.