MORRIS ATKIN et al., Respondents, v UNION PROCESSING CORPORA-TION et al., Appellants.—Order unanimously reversed, with costs, and motion denied. Memorandum: In February, 1974 the parties executed a written contract whereby the Atkins agreed to assign to Union Processing Corporation (Union) a purchase contract for a scrap metal shredder. The contract provided that, as part of the consideration for the assignment, Union was to pay the Atkins 2% of the monthly gross revenues derived from the sale of metal processed by the shredder for a period of seven years. In conjunction

with this provision, the Atkins were given the right to inspect Union's books and records. It appears that commencing in November, 1977 and continuing to the present, Union has refused to allow the Atkins to examine its books. In October, 1978 the Atkins commenced an action on the contract, seeking, in part, specific performance of the right to inspect Union's books for purposes of ascertaining the amount owed to it under the 2% provision. Union's answer included the affirmative defense that, as consideration for 2% of its gross revenues, the Atkins had orally agreed not to compete with Union in the metal shredding business. Such an agreement, Union asserts, is an illegal agreement to restrain trade which would render its obligation to pay the Atkins 2% of gross revenues void and unenforceable. Special Term, however, granted the Atkins' motion for partial summary judgment insofar as to order inspection of Union's books by a certified public accountant to be designated by the Atkins. In so ordering, Special Term refused to consider parol evidence of the alleged oral agreement not to compete. Parol evidence is admissible to show that the consideration for a contract is illegal *(97 Fifth Ave. Corp. v Schatzberg,* 283 App Div 407; Richardson, Evidence [Prince, 10th ed], § 611). Though some covenants by a seller not to compete with a buyer after a sale are legal and enforceable (see *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303; *Purchasing Assoc. v Weitz,* 13 NY2d 267), contracts to restrain competition are generally against public policy, illegal and void (General Business Law, § 340, subd 1; *Di Tomasso v Loverro,* 250 App Div 206, affd 276 NY 551; see *Schlottman Agency v Aetna Cas. & Sur Co.,* 70 AD2d 1041). Issues of fact exist as to: (1) whether an agreement not to compete was, in fact, the consideration for the 2% of gross revenues which Union was to pay the Atkins; and (2) whether such an agreement, if it did exist, was of a type which would nonetheless be legally enforceable. Since issues of fact remain, Special Term erred in granting the Atkins partial summary judgment upon the contract *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). (Appeal from order of Monroe Supreme Court—partial summary judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.