OPINION OF THE COURT
John G. Ringrose, J.
Plaintiff in his complaint seeks recovery for professional services rendered the defendant, which plaintiff claims were of the agreed price and reasonable value of $62,030.99. The defendant, in its answer, asserts a general denial of each and every allegation in the complaint. At the trial of this action plaintiff’s Exhibits 1 through 53, and defendant’s Exhibits 54 through 60 were admitted by stipulation. In addition thereto, the pertinent facts were also stipulated, to wit: by order dated September 18, 1967, the State of New York, Department of Health, directed that the defendant, Village of Middleville, “on and after May 1, 1968 cease and abate and thereafter keep abated all discharges by it or through its outfalls of sewage and other *946 wastes into the waters of the State”; that subsequent to the receipt of this order preliminary steps were taken to implement said order, and by agreement dated May 4, 1971 the Village of Middleville retained Morrell Vrooman Engineers, the plaintiff herein, to perform certain engineering services in planning sewers and sewage treatment facilities; that plaintiff performed the necessary services required in the agreement and secured approval of the plans by the State of New York and the Village of Middleville; that properly verified claims were submitted to the Village of Middleville in the amount of $62,030.99 for professional services rendered; that no part of said moneys has been paid; that the gross value of the services rendered by the plaintiff was in the amount of $62,030.99. By stipulation defendant asserts, for the court’s determination, the following arguments in defense to said claim:
(1) That the agreement is unenforceable because no appropriation had been made or funds authorized to be borrowed covering the expenditure. (Former Village Law, § 128-a [now Village Law, § 5-520].)
(2) That the agreement is unenforceable because the Commissioner of Health was not a party to the contract. (Public Health Law, § 1263-a [now ECL 17-1901].)
(3) That plaintiff’s payment was contingent upon, and to be paid only from grant moneys.
Defendant’s first defense is founded upon section 128-a of the former Village Law (now § 5-520, subd 2) which requires that: “No expenditure shall be made, nor shall any contract which in any manner involves the expenditure of money or the incurring of any pecuniary liability be entered into, unless an amount has been appropriated for the particular purpose and is available therefor or has been authorized to be borrowed pursuant to the local finance law.” Defendant contends that the agreement is unenforceable because no appropriation had been made or funds authorized to be borrowed covering the expenditure. The court does not accept this position. The defendant’s answer merely interposed a general denial. A defense under section 128-a of the former Village Law (now § 5-520) must be pleaded affirmatively. (Potts v Village of Haverstraw, 93 *947 F2d 506, 509, citing McNulty v City of New York, 168 NY 117; McGovern v City of New York, 234 NY 377.) The defense of illegality of contract must also be pleaded as an affirmative defense. (Morgenstern v Cohon, 1 AD2d 330, revd on other grounds 2 NY2d 302; Fellner v Marino, 4 Misc 2d 16.) In addition, plaintiff’s Exhibit No. 33 is a copy of a resolution entitled “RESOLUTION OF AUGUST 1,1972 AUTHORIZING THE ISSUANCE OF $128,000.00 SERIAL BONDS OF THE VILLAGE OF MIDDLEVILLE, NEW YORK FOR THE CONSTRUCTION OF A SEWER TREATMENT PLANT AND COLLECTION SYSTEM”. Accordingly, it appears that the defendant did provide for the appropriation of funds for the project. The court is also of the opinion that if the contract were void as alleged by the defendant, it appears that, in view of the State mandate of the Department of Health that the said sewer system be constructed and the duty then imposed on the village, the plaintiff would be entitled to recovery under quantum meruit which is alleged in the complaint. The plaintiff acted in good faith, rendered substantial services to the village and provided the village with an approved set of plans for the construction of sewers. The village should not be permitted to unjustly enrich itself by virtue of any actions taken in excess of its authority. (Onondaga County Water Auth. v City of Syracuse, 74 AD2d 733, app dsmd 49 NY2d 918.)
Defendant’s second defense is founded upon former section 1263-a (subd 4, par [b]) of the Public Health Law (now ECL 17-1901) which states that any municipality may “Select the person or firm to perform necessary consulting engineering services for a comprehensive study and report, and enter into contracts for such services, provided, however, that the commissioner shall also be a party to any such contract”. This section was under title IX of the Public Health Law entitled “State Aid; Collection, Treatment and Disposal of Sewage”. A reading of the legislative findings and policy indicates that this title was directed to financially aiding municipalities in pure water programs. By order of the Commissioner of Health dated September 18, 1967, the Village of Middleville was directed and mandated to submit to the New York State Department of *948 Health approvable preliminary plans and an approvable project report, and was further directed, among other things, to initiate actual construction on or before April 1, 1970. It is the opinion of this court that the failure to join the commissioner as a party to the contract does not void said contract in light of the commissioner’s order and in light of the commissioner’s later approval of the design and plans as prepared. In addition, section 1263-a of the Public Health Law refers to services for a “comprehensive study and report” whereas in the case at bar, actual plans, blueprints and design specifications were prepared, such work far surpassing a study and report. The court again points out that the defendant does have these plans and specifications and, accordingly, if the defendant were to keep them without payment it would be unjustly enriched. (Onondaga County Water Auth. v City of Syracuse, supra.)
Defendant’s third defense is founded upon the assertion that plaintiff’s fees would be contingent upon Federal funding and, in support of this, refers to an oral understanding of the parties and to plaintiff’s letter of May 17, 1971 to the defendant wherein it was stated: “The engineering costs are in accordance with State-approved guidelines. For the wastewater treatment plant and intercepting sewers, all engineering costs are subject to the 60 percent with the Village paying only the remaining 40 percent. Federal grants on sewers would also apply to the engineering costs.” A review of this letter together with the contract entered into between the parties, and the evidence submitted indicated to the court that the language was merely intended to clarify the pro rata sharing of payment should a grant be received. The court finds no evidence in support of defendant’s contention that plaintiff’s compensation was on a contingency basis.
Judgment to the plaintiff for the amount demanded in the complaint, together with costs and disbursements of this action.