DI FALCO, FIELD & LOMENZO, Appellant, v NEWBURGH DYEING CORP., Respondent. — Order of the Supreme Court, New York County, entered December 9, 1980, which denied plaintiff's motion for summary judgment against defendant, unanimously reversed, on the law, with costs, and the motion for summary judgment granted. In this action instituted by notice of

motion for summary judgment in lieu of complaint (CPLR 3213) $15,000 was sought to be recovered upon instruments for the payment of money only. Plaintiff law firm had rendered professional services to defendant for which defendant executed and delivered 20 promissory notes, each for $1,000. Concededly defendant paid the first five notes. Plaintiff claims the 15 remaining notes have not been paid. Although defendant asserts these latter notes were paid, no evidence was offered to support this "affirmative defense". Indeed, from the affidavits we find that services were rendered by former members of plaintiff's firm after they formed a new firm, for which services defendant paid the new firm. Those payments were unrelated to the payments due plaintiff. No probative evidence supports defendant's claim of payment of the 15 notes involved. A party in opposition to a motion for summary judgment must present evidentiary facts sufficient to raise a triable issue of fact. (See *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290.) Defendant has failed to do so. The assertion of a counterclaim was made in the affirmation of defendant's present attorney and not in the affidavit of Frederick Massimi, Sr., defendant's president. The affirmation of counsel without requisite knowledge of the facts is without probative value *(Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792). Moreover, the attorney's affirmation sets forth conclusory allegations rather than evidentiary facts and, even if it could be considered, is insufficient. (See *Rosenberg v Del-Mar Div., Champion Int. Corp.,* 56 AD2d 576.) The court below erred in refusing to grant summary judgment. Concur — Kupferman, J. P., Birns, Sullivan, Silverman and Bloom, JJ.