■ EDWARD ROSE, Appellant-Respondent, v EDWARD WEISS, Respondent-Appellant. — In an action to recover money held in escrow for investment in a limited partnership, the parties cross-appeal from an order of the Supreme Court, Queens County (Rodell, J.), dated April 6, 1981, which denied plaintiff's motion for partial summary judgment to recover $5,500 and denied defendant's cross motion for partial summary judgment to dismiss that part of the complaint which seeks to recover $6,000, representing the difference in the exchange rate between the United States dollar and Swiss franc. Order reversed, on the law, without costs or disbursements, plaintiff's motion for partial summary judgment in the sum of $5,500 granted and defendant's cross motion for partial summary judgment dismissing the remainder of the complaint granted. The defendant and his attorney have conceded that a debt is owing to plaintiff for the money advanced for investment purposes. Defense counsel has stipulated that $9,500 has been repaid, or otherwise stated $5,500 has not been returned of the $15,000 investment. The defendant is bound by this concession (see *Bellino v Bellino Constr. Co.,* 75 AD2d 630). Although the defendant has alleged that the plaintiff's agent owes him a sum for unrelated transactions that are in excess of the unreturned funds, he has completely failed to support his accusations necessary to defeat the plaintiff's motion for partial summary judgment (see *Citibank, N.A. v Furlong,* 81 AD2d 803; *Di Falco, Field & Lomenzo v Newburgh Dyeing Corp.,* 81 AD2d 560; *Shields v Stevens,* 55 AD2d 1017). Accordingly, the plaintiff's motion for partial summary judgment as to the $5,500 should have been granted. Insofar as plaintiff seeks the difference in the value of $5,500 if computed in Swiss francs (purportedly a $6,000 difference) there is nothing in the record to suggest that plaintiff's investment would be valued at other than United States currency. Accordingly, the defendant's cross motion for partial summary judgment on this claim should have been granted and that portion of the action should have been dismissed. O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur.

■ GAIL SIMINS, Appellant, v HERBERT J. SIMINS, Respondent. — In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated March 11, 1982, which, *inter alia,* (1) awarded her *pendente lite* maintenance of $100 per week and child support of $50 per week per child, for periods during which the child actually resides at the marital residence, and (2) denied her application for exclusive use and occupancy of the marital residence. Order affirmed, without costs or disbursements. An expeditious trial would best serve the interests of the parties. Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.