OPINION OF THE COURT
Eli Wager, J.
In this action by an assignee to recover on defendant’s indebtedness to Caesar’s Palace, a gambling casino located in Las Vegas, Nevada, the defendant moves to dismiss the complaint pursuant to CPLR 3211 (by notice of motion denominated a motion for summary judgment) upon the ground that gambling debts are unenforceable.
The complaint alleges as a first cause of action that Caesar’s Palace lent the defendant $25,000 on or about May 26,1976 which has not been repaid; as a second cause of action it alleges that defendant signed various checks totaling $25,000 and that he has refused to make payment on such checks; as a third cause of action it alleges that defendant fraudulently agreed that he had that amount on deposit in his bank; and, as a fourth cause of action, the pleading alleges breach of contract. The answer contains general denials and alleges failure to state a cause of action, lack of subject matter jurisdiction and that the obligation sued upon is “void on its face.”
*1099 With respect to defendant’s allegation that the debt is unenforceable, defendant has submitted copies of the checks executed by him. But he has also annexed a copy of plaintiff’s supplemental bill of particulars which states, inter alia, that the $25,000 credit extended to defendant by Caesar’s Palace was for “payment for airline round-trip tickets, his room and board, food, beverages and tips, all at the Assignor’s premises and hotel and was further to be used for the purchase of various chips which could be used for gambling purposes or cashed in to obtain legal tender for same.” Also annexed to the moving papers is a copy of what appears to be an account rendered by Caesar’s Palace which, although almost illegible, contains references to air fare as well as chips. Defendant has not submitted an affidavit executed by him personally and thus he has not denied that some of the moneys lent were used for purposes other than gambling. His attorney’s statement in his affirmation that “it is clear that the money was advanced for gambling purposes, and plaintiff’s statements to the contrary are obvious heresay [sic]” is without probative value (Di Falco, Field & Lomenzo v Newburgh Dyeing Corp., 81 AD2d 560).
Although gambling in legalized and appropriately supervised forms is not against this State’s public policy and a gambling debt may be enforced here if it was validly contracted in another jurisdiction and is enforceable there (Aspinwall's Club v Aryeh, 86 AD2d 428; see, also, Intercontinental Hotels Corp. v Golden, 15 NY2d 9), it appears that such debts are not enforceable in Nevada even though gambling has been legalized in that State (see National Recovery Systems v Ornstein, 541 F Supp 1131; Sandler v Eighth Judicial Dist. Ct., 96 Nev 622; Sea Air Support v Herrmann, 96 Nev 574). However, the Nevada rule requires consideration of the surrounding circumstances in order to determine that money was advanced for the purpose of gambling and not for some other legitimate purpose (see, e.g., Wolpert v Knight, 74 Nev 322; Flamingo Resort v United States, 485 F Supp 926, affd 664 F2d 1387). “ ‘[I]f the advancement was at a different place than a gambling establishment, or if same was not made at a time when the recipient had been recently playing, and some other, legiti *1100 mate, purpose is stated by the recipient, then no presumption or inference that the advancement was for a gambling purpose is justifiable from such circumstances’ ” (National Recovery Systems v Ornstein, supra, p 1134, citing Craig v Harrah, 66 Nev 1, 6).
Since the papers on the instant motion reveal an issue of fact with respect to the purposes for which a portion of the debt was incurred, it appears that summary judgment is not warranted. Although the plaintiff has submitted only illegible evidence of the existence of such an issue, the defendant has not met his burden either (see Redemption Church of Christ of Apostolic Faith v Williams, 84 AD2d 648). Furthermore, the information is within defendant’s knowledge and may be revealed through pretrial disclosure (Mack v Arnold Gregory Mem. Hosp., 90 AD2d 969). Thus the motion for summary judgment must be denied with respect to plaintiff’s first, second and fourth causes of action.
It appears, however, that defendant is entitled to partial summary judgment dismissing the third cause of action which alleges that the checks signed by defendant contained the following statement: “I represent that I have received cash for the above amount, and that said amount is on deposit in said bank or trust company in my name, is free from claims, and is subject to this check.” The statement allegedly “agreed to by the defendant,” is described in the pleading as false and fraudulent. However, the checks in evidence do not appear to contain any such statement and plaintiff concedes in paragraph 12 of its supplemental bill of particulars that “defendant has refused to give names and addresses of banks which he claims had such amount on deposit pursuant to the checks and/or notes signed on the dates in question which are the basis of this action.” Thus, defendant is entitled to a judgment dismissing the third cause of action and severing the first, second and fourth causes of action for trial.