Louis POWER, Appellant,

v.

Leonard SULLIVAN, Appellee.

Nos. 77849, 78280.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 2, 1993.

Certiorari Denied April 20, 1993.

---

Ernest F. Godlove, Lawton, for appellant.

Robert C. Thompson, Oklahoma City, for appellee.

### MEMORANDUM OPINION

JONES, Judge:

Appellant, Louis Power, filed two appeals in this case. Appeal Number 77,849 alleges the District Court erred in denying Appellant's claim for contribution against a co-guarantor on a promissory note. Appeal Number 78,280 challenges the Order of a successor Judge in the same litigation. Both appeals are consolidated for this opinion.

Appellee, Leonard Sullivan, was the owner of Petro Pipe, Inc., a company engaged in the business of brokering oilfield pipe. One of its primary suppliers was a Scottish company, McDonald Tubular, Ltd. In December, 1982, Petro Pipe obtained a letter of credit from the First National Bank of Nashville, Arkansas, to secure the purchase of oil field pipe from McDonald. After delivery of the pipe to Petro Pipe, the Letter of Credit was drafted and funded pursuant to a backup note dated October 7, 1983. The debt was secured by 432 lengths of drill pipe and personally guaranteed by Sullivan, Power, and other guarantors. At the time he signed the guaranty agreement, Power was a Director of the Bank but had no interest in Petro Pipe. He was asked by the Bank President to sign the guaranty to strengthen the Bank's balance sheet for the regulators. After Petro Pipe defaulted on the loan, Power, Sullivan, and the other guarantors of the note entered into a Release and Settlement Agreement with the Bank. In exchange for each party's cash payment and/or forbearance, Bank forever discharged the parties from any further obligation on the debt.

Power then sued Sullivan for contribution. The trial was held on October 31, 1990, before the Honorable Bana Blasdel.

After all the evidence and testimony was heard, the District Court took the case under advisement and later made its ruling *in absentia,* denying Power's right of contribution and finding in favor of Sullivan. The Court's Order contained detailed findings of fact and conclusions of law. It was signed on June 3, 1991. The next day, Judge Blasdel resigned office to assume the duties of U.S. Magistrate Judge for the Western District of Oklahoma. The Order was filed on June 10, 1991.

■ Appellant believes this Order is void because it was filed and mailed to the parties six days after the predecessor Judge resigned office. None of the cases cited by Power hold that an order is automatically void simply because it was rendered after the resignation of the presiding Judge. The Court in *McCrary v. McCrary,* 764 P.2d 522 (Okl.1988), did not rule on the validity of the order, but merely stated the trial court continued to have jurisdiction over the matter because neither of the parties received notice of a dismissal which had been entered by minute order years earlier.

Neither did the Court in *McCullough v. Safeway Stores, Inc.,* 626 P.2d 1332 (Okl. 1981), find such a ruling was void, but stated only that in a case taken under advisement, the parties to an action who are affected by an appealable decision made in their absence must be given timely notice of the Court's decision. In the instant case, the parties received timely notice of the decision, thereby satisfying the rule in *McCullough.*

The predecessor Judge had the power to memorialize her decision at the time she signed the findings of facts and conclusions of law. Her resignation prior to the rendering of a judgment may have caused the findings of fact and conclusions of law to be ineffective as a judgment because it lacked the requisite formalities of a judgment, but it was not a judgment, and thus could not be a void judgment as argued by Appellant.

On August 14, 1991, Judge Daniel Owen rendered a judgment based on the findings of fact and conclusions of law prepared by the predecessor Judge. Power then filed Appeal Number 78,280, alleging the findings of fact and conclusions of law signed by the predecessor Judge could not have constituted a valid basis for the successor Judge's decision.

■ In *City of Clinton, ex rel. Richardson v. Keen,* 192 Okl. 382, 138 P.2d 104 (1943), there were no findings of facts, either stated by the trial Judge in Court, or written and signed by him. Because there were no findings of fact and conclusions of law, the Court, after complete discussion of case law from other jurisdictions, determined in the *Clinton* case, the successor Judge could not complete formal entry of judgment for the predecessor Judge. The *Clinton* Court further stated that preliminary action may be taken by one Judge and subsequent actions may be taken by his successor, when one Judge has fully completed some portion of the proceedings. Where the trial of the cause on its merits has been fully completed, and there has been a valid decision of facts by the Court, or by jury verdict with Court approval, the cause may be completed by an entry of judgment by the successor Judge. 138 P.2d at 107, 108. In the case now before the Court, the predecessor Judge had made findings of fact and conclusions of law. The successor Judge could order entry of formal judgment, not involving the exercise of any discretion because the predecessor Judge had effectively disposed of all the issues. The August 14, 1991 order is valid.

■ We now turn to the issue of whether the evidence supporting this order is sufficient. The Petition in the underlying action was brought for contribution by a guarantor on a promissory note. Under Oklahoma law, a co-guarantor of a principal's debt is generally entitled to contribution from the other co-guarantors after the principal's default on a loan, only if he paid more than his pro rata share of a debt which he was under a legal obligation to pay. The evidence in the instant case shows Sullivan's contribution to the settlement was actually worth more than Power's contribution. As consideration for his discharge, Power settled the lawsuit by contributing both cash, services, and property totalling $67,000.00. For his part, Sul-

livan agreed to forego action on his counterclaim against the Bank which he testified was valued at $400,000.00. The evidence shows this claim was valid. It is not necessary that such payments be made in cash. The equivalent of cash, or anything else which the creditor accepts as satisfaction, is generally sufficient. 18 Am.Jur.2d, *Contribution* § 11 (1985). The Bank apparently attributed some value to the counterclaim because it required dismissal of the counterclaim as part of the settlement.

Power failed to meet his burden of proof to show he had a valid right of contribution. Furthermore, even if he had possessed such a right, he failed to show he paid more than his share of the settlement to the bank. The facts in the record are sufficient to support the District Court's decision.

We affirm the decision because we find the District Court's Order dated August 14, 1991, was a valid order rendered after a full consideration of all the evidence and that it was supported by sufficient evidence.

AFFIRMED.

ADAMS, P.J., and GARRETT, J., concur.