■ NATIONAL RECOVERY SYSTEMS, Appellant, v WALERIJ ZEMNOVITCH, Respondent. [672 NYS2d 911] —In an action to recover moneys due and owing, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated June 23, 1997, which denied its motion for summary judgment in lieu of a complaint pursuant to CPLR 3213.

Ordered that the order is affirmed, with costs.

The defendant allegedly incurred $400,000 in gambling debts at a casino in Aruba and signed a series of notes and checks, more commonly known as "markers" in the gambling industry, totaling $400,000, payable on demand to the plaintiff's assignor. When the defendant refused to honor the markers, the assignor assigned payment of them to the plaintiff. Thereafter, the plaintiff commenced the instant action by filing a summons and motion for summary judgment in lieu of a complaint (*see*, CPLR 3213).

Originally, the case was assigned to the late Justice Vaccaro,

who purportedly granted the plaintiff summary judgment. However, Justice Vaccaro died before signing an order or a decision indicating that he had granted the motion. Thereafter, the case was assigned to Justice Demarest, who decided the motion de novo and denied the plaintiff's application for summary judgment.

We reject the plaintiff's claim that Justice Demarest should have given effect to the late Justice Vaccaro's alleged oral decision by making and signing an order based thereon (*see,* CPLR 9002). The late Justice Vaccaro's alleged oral decision cannot be the basis for an order signed by another Justice (*see, Matter of Holm-Beer v Holm,* 186 AD2d 1084; 14 Weinstein-Korn-Miller, NY Civ Prac ¶ 9002.01; *cf., Metropolitan Life Ins. Co. v Union Trust Co.,* 294 NY 254; *Schammel v Schammel,* 161 AD2d 407, 408; *Lindt v Guggenheim Found.,* 24 AD2d 944).

Furthermore, the Supreme Court correctly denied the plaintiff summary judgment on the gambling "markers" which were allegedly signed by the defendant and upon which the plaintiff now sues. "A gambling debt will not be enforced in New York unless it was validly contracted in another jurisdiction and is enforceable there" (*National Recovery Sys. v Mazzei,* 123 Misc 2d 780, 781, citing *Aspinall's Club v Aryeh,* 86 AD2d 428; *National Recovery Sys. v Wonder,* 118 Misc 2d 1098). The plaintiff's papers were insufficient to demonstrate that the "markers" signed by the defendant are enforceable in Aruba under the circumstances of this case. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.