2012 OK CIV APP 42

**CITIFINANCIAL MORTGAGE COMPANY, INC., Plaintiff/Appellee,**

v.

**Ricky L. CAREY, Rhlonda G. Carey, John Doe and Mrs. John Doe, as occupants of the premises, Defendants/Appellants.**

No. 109,595.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 10, 2012.

---

Blake C. Parrott, BAER, TIMBERLAKE, COULSON, & CATES, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

J.R. Matthews, J.R. MATTHEWS & ASSOCIATES, LLC, Oklahoma City, Oklahoma, for Defendants/Appellants.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Appellants/Defendants Ricky and Rhlonda Carey (the Careys) appeal from summary judgment granted in favor of Appellee/Plaintiff CitiFinancial Mortgage Co., Inc. (Citi) in a mortgage foreclosure action. The judge originally assigned the case did not memorialize his oral order granting summary judgment before he retired. The successor judge has no authority to enter judgment based on a predecessor's oral order when there is no record evidence that the predecessor actually ruled on the motion. Therefore, we reverse and remand for further proceedings.

¶ 2 Citi filed a petition to foreclose on real property against the Careys August 17, 2005. Counsel for the Careys withdrew in October 2007. Citi filed a motion for summary judgment November 9, 2010 and attached a Certificate of Mailing certifying that on November 3, 2010 a true and correct copy of the motion had been mailed to the Careys' address of record. A hearing on Citi's motion for summary judgment was set for January 26, 2011 before Judge Ring. Notice of hearing was mailed to the Careys November 19, 2010. The Careys never filed a response to Citi's motion for summary judgment. There is no minute order or other record of what happened on January 26, 2011, or the ruling of the court. Judge Ring later retired, and the case was reassigned to Judge Tracy Schumacher.

¶ 3 Current counsel for the Careys entered an appearance February 3, 2011, and the Careys requested discovery from Citi. On February 11, 2011, Citi filed a motion to strike discovery based on Judge Ring granting summary judgment in its favor at the hearing January 26, 2011. The Careys objected to Citi's motion to strike discovery. On April 25, 2011, Judge Schumacher heard arguments on the motion to strike discovery. Citi's position was that the Careys failed to respond to its motion for summary judgment or appear at the January 26, 2011 hearing. Citi explained to the court that at the hearing, Judge Ring granted summary judgment in favor of Citi but did not memorialize his ruling, and a court reporter was not present. The Careys' position was that they did not receive the motion for summary judgment or notice of hearing in the mail, and there was no court minute, summary order, or anything in the record indicating that there was a hearing January 26, 2011 or that Judge Ring granted Citi's motion for summary judgment.

¶ 4 At the conclusion of the April 25, 2011 hearing, Judge Schumacher granted Citi's motion to strike discovery. The trial court filed a summary order that "CT approves summary judgment as presented by counsel [for Citi] as true and correct though Judge Ring did not memorialize his ruling for 1–26–11." On May 2, 2011, Judge Schumacher filed a journal entry of judgment based on assurances by counsel of Judge Ring's January 26, 2011 oral ruling. The Careys appeal. In their Petition in Error, the Careys raise procedural due process issues and assert errors related to the trial court's process. The issue on appeal is whether it is proper for a successor judge to enter judgment based on a predecessor's oral ruling that was not documented in the record. We hold that the successor judge has no authority to enter judgment based on a predecessor's oral order granting summary judgment where there was no record evidence of such ruling.

¶ 5 The Supreme Court of Oklahoma adopted the rule "that in some cases where the trial of the cause on its merits has been fully completed, and there has been a valid decision of facts by the court, or by jury verdict with court approval, that the cause may be completed by formal entry of judgment by the successor judge." *City of Clinton v. Keen,* 1943 OK 165, 138 P.2d 104, 107–08 (holding that because the predecessor judge had not made findings of fact, the successor was without authority to enter judgment based on evidence heard by the predecessor); *see Power v. Sullivan,* 1993 OK CIV APP 14, 852 P.2d 790, 792 (holding that where the record contained detailed findings of fact and conclusions of law prepared by the predecessor, the successor had authority to enter judgment based upon the predecessor's findings). *City of Clinton* and its progeny suggest that without some documentation in the record of the predecessor's decision, the successor is without authority to enter judgment based on the predecessor's oral decision.[1] A New York appellate court addressed this issue in *National Recovery Systems v. Zemnovitch,* 250 A.D.2d 742, 672 N.Y.S.2d 911 (N.Y.App.Div.1998). In *Zemnovitch,* the judge originally assigned a case orally granted summary judgment to the plaintiff but died before signing an order or memorializing his decision to grant the motion. *Id.* at 912. The court held, "We reject the plaintiff's claim that [the successor judge] should have given effect to the [predecessor's] alleged oral decision by making and signing an order based thereon.... The [predecessor's] alleged oral decision cannot be the basis for an order signed by another [judge]." *Id.*

¶ 6 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

JOPLIN, V.C.J., and MITCHELL, J. (sitting by designation), concur.

---

1. In *Zander v. Zander,* 273 Ill.App.3d 669, 210 Ill.Dec. 535, 653 N.E.2d 440 (1995), the Appellate Court of Illinois permitted the successor to enter judgment based on a predecessor's oral pronouncements; however, in *Zander,* the predecessor's detailed findings of fact and oral orders were read into the record before the predecessor was removed from the bench. *Id.* at 440–42.